UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSLYN LA LIBERTE,<br><br>                                Plaintiff,<br><br>     -against-<br><br>JOY REID,<br><br>                              Defendants. | Case No. 1:18-cv-05398 (DLI)<br><br>**ANSWER TO FIRST<br>AMENDED COMPLAINT** |

Defendant, Joy Reid ("Defendant" or "Reid"), by her attorneys Wachtel Missry, LLP submits the following as and for her answer to the First Amended Complaint (the "Complaint") filed by Plaintiff Roslyn La Liberte ("Plaintiff" or "La Liberte"), and alleges as follows:

1.    Admits that Reid is a nationally known anchor and political commentator at MSNBC,  has Twitter, Instagram, and Facebook followers, and was described as the network's "new star" in a magazine article, and otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.    Admits that Reid published some social media posts that referenced La Liberte, but otherwise denies the allegations in Paragraph 2 of the Complaint-

3.    As the allegations set forth in Paragraph 3 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.    Refers the Court to the YouTube video cited in the Complaint for a true, complete and accurate recitation of that video's content, and denies any characterization or description that is inconsistent therewith, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Refers the Court to the Fox video cited in the Complaint for a true, complete and accurate recitation of that video's content, and denies any characterization or description that is inconsistent therewith, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Denies the allegations contained in Paragraph 6 of the Complaint.

7.      Admits that Reid opposes many of President Trump's policies, taught a course at Syracuse University, has written about race and American society; refers the Court to the *New York Times* article cited in the Complaint for a true, complete and accurate recitation of its content, and denies any characterization or description that is inconsistent therewith; and otherwise denies the allegations contained in Paragraph 7 of the Complaint.

8.      Admits learning that La Liberte attended the Simi Valley, California City Council Meeting on June 25, 2018 (the "City Council meeting") and that La Liberte was wearing a "Make American Great Again" hat during that meeting, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Refers the Court to the *New York Times* article cited in Paragraph 9 of the Complaint for a true, complete, and accurate recitation of its contents, and denies any characterization or description that is inconsistent therewith.

10.     Denies the allegations contained in Paragraph 10 of the Complaint.

11.     Refers the Court to Exhibits 2, 3, 5, 6, and 8 attached to the Complaint for a true, complete and accurate description of Reid's tweets and posts, and denies any characterization or description that is inconsistent therewith, and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12.     Admits that Reid was not present at the City Council meeting and otherwise denies the allegations contained in Paragraph 12 of the Complaint.

13.     Refers the Court to the photograph cited in Paragraph 13 of the Complaint for a true, complete and accurate recitation of that photograph, and denies any characterization or description that is inconsistent therewith, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Lacks sufficient knowledge or information to form a belief as to the number of times the video referred to in Paragraph 14 has been viewed, and otherwise denies the allegations in Paragraph 14 of the Complaint.

15.     Denies that Reid's "stated intent" in tweeting about La Liberte was to put La Liberte "on blast" and otherwise lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

16.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Denies the allegations contained in Paragraph 20 of the Complaint.

21.     Denies the stated purpose of Reid's social media posts and the characterization of her status and reputation, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Admits that Reid is a host and national political correspondent for MSNBC and was served with process and otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24.     Admits that La Liberte and Reid are citizens of different States and otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Complaint.

27.     Denies the allegations contained in Paragraph 27 of the Complaint.

28.     As the allegations set forth in Paragraph 28 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint..

29.     Admits the allegations contained in Paragraph 29 of the Complaint.

30.     Admits the allegations contained in Paragraph 30 of the Complaint.

31.     As the allegations set forth in Paragraph 31 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Admits learning that La Liberte attended the City Council meeting, and otherwise lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 35 of the Complaint.

36.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Denies the allegations in the second sentence in Paragraph 37 of the Complaint, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     As the allegations set forth in Paragraph 38 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Admits that a photo was taken of La Liberte "with the young man" and refers the Court to the photograph of La Liberte cited in Paragraph 40 as a true, complete and accurate depiction of that photograph, and denies any characterization or description that is inconsistent therewith, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Admits that Alan Vargas published the tweet referred to in Paragraph 41 of the Complaint and refers the Court to the June 28 tweet for a true, complete and accurate recitation of its content, and denies any characterization or description that is inconsistent therewith, but otherwise lacks sufficient knowledge or information to form a belief as to the  allegations contained in Paragraph 41 of the Complaint.

42.     Admits tweeting the post described as the June 29 Twitter Post in Paragraph 42 of the Complaint, refers the Court to the June 29 Twitter Post for a true, complete and accurate recitation of that post's content, and denies any characterization or description that is inconsistent therewith, and otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43.     Denies the allegations contained in Paragraph 43 of the Complaint.

44.     Denies the allegations contained in Paragraph 44 of the Complaint.

45.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Admits that the racial slurs made to the young man are reprehensible, and otherwise lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 47 of the Complaint.

48.      Admits that Reid published the June 29 Instagram Post cited in Paragraph 48 of the Complaint and refers the Court to the June 29 Instagram Post for a true, complete and accurate recitation of its content, and denies any characterization or description that is inconsistent therewith.

49.     Denies the allegations contained in Paragraph 49 of the Complaint.

50.     Denies the allegations contained in Paragraph 50 of the Complaint.

51.     Denies the allegations contained in Paragraph 51 of the Complaint.

52.     Refers the Court to the Fox video cited in the Complaint for a true, complete and accurate recitation of that video's content, and denies any characterization or description that is inconsistent therewith, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.      Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     Admits that Reid published the July 1 Instagram Post cited in Paragraph 56 of the Complaint and refers the Court to the July 1 Instagram Post for a true, complete and accurate recitation of its content, and denies any characterization or description that is inconsistent therewith, and otherwise denies the allegations in Paragraph 56 of the Complaint.

57.     Admits the allegations contained in Paragraph 57 of the Complaint.

58.     As the allegations set forth in Paragraph 58 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 58 of the Complaint, and refers the Court to the July 2, 2018 post for a true, complete and accurate recitation of its content, and denies any characterization or description that is inconsistent therewith.

59.     Denies the allegations contained in Paragraph 59 of the Complaint.

60.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     As the allegations set forth in Paragraph 61 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 61 of the Complaint.

## CAUSE OF ACTION FOR DEFAMATION

62.     Repeats and realleges the answers set forth above as if stated fully herein in response to Paragraph 62 of the Complaint.

63.     Refers the Court to the June 29 Instagram Post and July 1 Instagram and Facebook Posts cited in the Complaint for a true, complete and accurate recitation of the posts' content, and denies any characterization or description that is inconsistent therewith.  As the allegations set forth in Paragraph 63 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Refers the Court to the June 29 Instagram Post cited in the Complaint for a true, complete and accurate recitation of that post's content, and denies any characterization or description that is inconsistent therewith.  As the allegations set forth in Paragraph 64 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 64 of the Complaint

65.     Denies the allegations contained in Paragraph 65 of the Complaint.

66.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Admits the allegations contained in Paragraph 68 of the Complaint.

69.     As the allegations set forth in Paragraph 69 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Denies the allegations contained in Paragraph 71 of the Complaint.

72.     As the allegations set forth in Paragraph 72 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     As the allegations set forth in Paragraph 73 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Denies the allegations contained in Paragraph 74 of the Complaint.

75.     Denies the allegations contained in Paragraph 75 of the Complaint.

76.     As the allegations set forth in Paragraph 76 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     As the allegations set forth in Paragraph 77 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     As the allegations set forth in Paragraph 78 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Admits the allegations contained in Paragraph 79 of the Complaint.

80.     As the allegations set forth in Paragraph 80 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     As the allegations set forth in Paragraph 81 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.     As the allegations set forth in Paragraph 82 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Denies the allegations contained in Paragraph 83 of the Complaint.

84.     Admits the importance of verifying claims prior to publication, but otherwise denies the allegations contained in Paragraph 84 of the Complaint.

85.     As the allegations set forth in Paragraph 85 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.     As the allegations set forth in Paragraph 86 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     As the allegations set forth in Paragraph 87 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.     As the allegations set forth in Paragraph 88 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     As the allegations set forth in Paragraph 89 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     As the allegations set forth in Paragraph 90 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     As the allegations set forth in Paragraph 91 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     As the allegations set forth in Paragraph 92 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     As the allegations set forth in Paragraph 94 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Denies the allegations contained in Paragraph 95 of the Complaint.

96.     Denies the allegations contained in Paragraph 96 of the Complaint.

97.     As the allegations set forth in Paragraph 97 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Refers the Court to the articles cited in Paragraph 98 of the Complaint for true, complete, and accurate recitations of their contents, and denies any characterization or description that is inconsistent therewith, and otherwise denies the allegations contained in Paragraph 98 of the Complaint.

99.     As the allegations set forth in Paragraph 99 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    As the allegations set forth in Paragraph 100 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    As the allegations set forth in Paragraph 101 of the Complaint call for a legal conclusion, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 101 of the Complaint.

## **GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the  Complaint.  Defendant denies all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer.

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that she has the burden of proof or the burden of persuasion on any of these issues. Nor does Defendant intend any alteration of the burden of proof and/or burden going forward with evidence that exists with respect to any of Plaintiff's claims.  Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever.  Finally, all defenses pleaded below are based on Defendant's limited understanding of the claims being asserted by Plaintiff and Defendant's limited investigation to date.  Defendant reserves the right to assert additional affirmative defenses after they are ascertained.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and the cause of action contained therein, is barred to the extent it fails to allege facts sufficient to state a claim against Defendant.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Protected Speech)

Plaintiff's Complaint is barred, in whole or in part, by the First and Fourteenth Amendments to the Constitution of the United States, Article I, Section 8 of the New York State Constitution and Article I, Section 2(a) of the California State Constitution.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Substantial Truth)

Plaintiff's Complaint is barred because the allegedly defamatory statements are true or substantially true.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (No Defamatory Meaning)

Plaintiff's Complaint is barred because some or all of the alleged defamatory statements are not reasonably capable of the defamatory meaning attributed to them by Plaintiff.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Non-Actionable Statements of Opinion)

Plaintiff's Complaint is barred because some or all of the alleged defamatory statements are not actionable because they constitute statements of opinion.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Republication)

Plaintiff's Complaint is barred because Defendant is immune from liability where the alleged defamatory statements were republications and/or restatements of similar prior publications.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Retraction)

Plaintiff's right to damages is barred, in whole or in part, by Defendant's timely retraction of the publications at issue.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Incremental Harm)

Plaintiff is barred from recovery, in whole or in part, by the doctrine of incremental harm.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Matters of Public Interest and Public Concern)

The publications in question related to matters of substantial public interest and legitimate public concern and constitute protected speech.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Limited Purpose Public Figure)

At all relevant times, Plaintiff was a limited purpose public figure, who had access to mainstream media and social media both before and after the publication of the posts in question.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Malice)

Plaintiff's Complaint is barred because Defendant acted without malice, and without the requisite scienter.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Conduct Not Willful)

Plaintiff's Complaint is barred because Defendant acted without malice and acted reasonably and with a good faith belief in the lawfulness of the conduct based on the relevant facts and circumstances known to her at the time she so acted.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Proximate Causation)

Plaintiff's Complaint is barred because Plaintiff has not plausibly alleged, and cannot prove, that Defendant proximately caused any of Plaintiff's alleged injuries.  The harm Plaintiff allegedly suffered, if any, was caused by superseding and intervening causes including factors, persons, or entities other than Defendant.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Proximate Causation)

Plaintiff's alleged damages, if any, are the result of her own conduct, the conduct of persons Plaintiff associated with and/or the conduct of others beyond Defendant's control and for whom Defendant is not legally responsible.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Unclean Hands)

Plaintiff's Complaint is barred by the doctrine of unclean hands, as Plaintiff is maliciously bringing this action and abusing the court process for political gain and political purpose.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Failure to Join)

Plaintiff's Complaint is barred because Plaintiff failed to join necessary parties, including those who were responsible for some or all of the damages Plaintiff allegedly has suffered.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Failure to Mitigate Damages)

Plaintiff's recovery of any alleged damages is barred because Plaintiff has failed to mitigate her damages or reasonably try to mitigate her damages, if any, as required by law.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (No Damages)

Plaintiff's Complaint is barred because Plaintiff suffered little or no damages for loss of reputation, shame, mortification, hurt feelings, or otherwise.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Speculative Damages)

Plaintiff is barred from relief because, even if Plaintiff's allegations were true, which Defendant denies, the damages alleged by Plaintiff are too speculative to give rise to the cause of action alleged, or to permit any recovery sought.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (No Special Damages)

The allegedly defamatory statements are not libelous *per se* and Plaintiff has not incurred any special damages as defined in California Civil Code § 48a.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (No Attorneys' Fees)

Plaintiff's request for attorneys' fees is barred because the Complaint fails to allege facts or any basis sufficient to support an award of attorneys' fees.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (No Taxed Costs)

Plaintiff's request that all costs of this action be taxed to Defendant is barred because the Complaint fails to allege facts or any basis sufficient to support an award of costs.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages – Protected Speech)

By reason of the free speech protections under the Constitutions of the United States, California, and New York, Defendant is immune from liability for punitive or exemplary damages.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages – Due Process)

The imposition of punitive or exemplary damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution,

Article I, Section 7 of the California Constitution, and Article I, Section 6 of the New York

Constitution because, as applied to this case, the standards of liability for punitive damages in

California and New York are unduly vague and subjective, and permit random, arbitrary, and

capricious punishment that serves no legitimate governmental interest.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages – Due Process)

The imposition of punitive or exemplary damages in this case would violate the Due

Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution,

Article I, Section 7 of the California Constitution, and Article I, Section 6 of the New York

Constitution because, as applied to this case, the standards of liability for punitive damages in

California and New York are unduly vague and subjective, lack sufficient procedural safeguards,

and permit arbitrary, capricious, excessive, and disproportionate punishment that serves no

legitimate governmental interest.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages – Due Process)

The imposition of punitive or exemplary damages in this case in the absence of a

showing of malicious intent to cause harm to Plaintiff would violate the Due Process Clause of

the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 7 of

the California Constitution, and Article I, Section 6 of the New York Constitution.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages – Excessive Fines)

The punitive or exemplary damages sought are unconstitutional and excessive under

California and New York law, and the United States Constitution, including without limitation

under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Section 7 of the California Constitution, and Article I, Section 6 of the New York Constitution.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages – Insufficient Facts)

To the extent the Complaint seeks punitive or exemplary damages, it fails to set forth facts sufficient to constitute a claim of relief for punitive or exemplary damages in that Defendant did not act with malice with respect to Plaintiff.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Communications Decency Act, 47 U.S.C. § 230(c)(1))

Plaintiff's Complaint is barred because some or all of the alleged defamatory statements are not actionable because Defendant has immunity under the Communications Decency Act.

## RESERVATION OF RIGHTS

Defendant, due to her incomplete knowledge as to the matters set forth in the Complaint, is unable to determine whether she has additional defenses not expressly enumerated in the preceding paragraphs, or elsewhere in this Answer.  Defendant has not knowingly or intentionally waived any applicable separate and additional defense and thus reserves her right to amend her Answer, assert additional defenses, and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## **JURY DEMAND**

Defendant demands a trial by jury of all issues triable by jury.

**WHEREFORE**, Defendant respectfully requests:

a. That Plaintiff take nothing by the Complaint;

b. That the Complaint be dismissed in its entirety with prejudice;

c. For judgment to be entered in favor of Defendant and against Plaintiff on the claim in the Complaint ;

d. For Defendant to be awarded her costs, including reasonable attorneys' fees; and

e. For such other relief as the Court deems just and proper.

Dated:  New York, New York
October 30, 2020

**WACHTEL MISSRY LLP**
*Attorneys for Defendant Joy Reid*

By: */s   John H. Reichman*
John H. Reichman
Jason L. Libou

One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500
reichman@wmllp.com
jlibou@wmllp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2020, I electronically filed the foregoing and a copy was served electronically via the CM/ECF system upon the following:

L. Lin Wood, Esq.
L. Lin Wood, P.C.
1180 West Peachtree Street, Suite 2040
Atlanta, GA 30309

David M. Olasov, Esq.
Olasov, LLP
485 Madison Ave., 7th Floor
New York, NY 10022

*Attorneys for Plaintiff Roslyn La Liberte*

Dated: New York, New York
       October 30, 2020

By: */s   Jason L. Libou, Esq.*