JOHN H. REICHMAN
john@johnreichmanlaw.com
917.626.8025

February 5, 2021

**VIA ECF**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

Re: *Roslyn La Liberte v Reid; 18cv5398 (DLI) (VMS)*

Your Honor,

We represent defendant Joy Reid in the above-entitled action. We write with respect to Plaintiff's continued failure to provide initial disclosures required by Federal Rule of Civil Procedure 26. We have discussed this issue with Plaintiff's counsel, Lin Wood and David Olasov, but have been unable to reach a resolution. Indeed, as described below, we were close to reaching an understanding with Mr. Olasov, only to have Mr. Wood step in and refuse to provide any of the required information.

Plaintiff first served initial disclosures on December 14, 2020. As set forth in our January 7, 2021 letter to the Court (Dkt. 58), those disclosures were not in compliance with Rule 26(a) or this Court's Initial Conference Order. The disclosure alleged that Plaintiff suffered $1,043,114.69 in damages, that valuable business assets were destroyed, and that there were expenditures for "unnecessary security measures." Plaintiff did not provide any breakdown by number or category of this very specific damage amount or how that amount was calculated. She also did not identify the business assets that were destroyed or what the unneeded security expenditures were. Plaintiff's claim that the lost business assets and security expenditures "are to be determined" makes no sense given that the events in question took place in 2018—the assets she lost and the expenditures she made should be known with certainty. Indeed, Plaintiff seems to know her damages with sufficient particularity such that she was able to express the number down to the specific cents.

In addition to not proving the narrative information described above, Plaintiff failed to provide or identify any documents supporting her damage claims in breach of Rule 26(a)(ii).

At the January 11, 2021 conference, the Court ordered that:

So let's say you try to work out your concerns about the damages and have a date - - today is the 11th. By the 29th of January, a revised, complete set of the initial disclosures.

Hon. Vera M. Scanlon, U.S.M.J.
February 5, 2021
Page 2 of 3

1/11/21 Hrg. Tr. at 20.  Between January 27 and 28, 2021, Mr. Olasov and Defendant's counsel, Mr. Reichman, had an email exchange, annexed hereto as **Exhibit A**, concerning Plaintiff supplementing her initial disclosures.  Mr. Olasov's January 28, 2021 email stated:

> However, we will be supplementing the calculation of special damages.  Once a protective order is entered by the Court, we will be able to identify the lost customer revenues in greater detail.  We are also going to provide documentation of other elements of special damages.  You are welcome to bring on whatever motion you want, if you believe that serves your interests.

Ex. A.

We received Plaintiff's revised initial disclosures on January 29, 2021, a copy of which is annexed hereto as **Exhibit B** (with personal identifying information redacted).  The disclosures included haphazard documentation about the security costs Plaintiff allegedly incurred.  While most of the expenses set forth in those documents appear more than questionable, such as claiming that 2019 gardening expenses are somehow related to allegedly defamatory posts published in 2018, there was at least a facial attempt to comply with Plaintiff's Rule 26 obligations regarding her security cost claims.

That was not the case with the bulk of the special damages Plaintiff is alleging.  The disclosures indicate that eight customers of Plaintiff's business had allegedly stopped or reduced business with Plaintiff's companies and that Plaintiff lost sale commissions of $177,767.42.  The failure to identify the customers or the person or entities who supposedly would have paid sales commissions violate the Rule 26 requirement that a party identify persons with knowledge of Plaintiff's claims.

Plaintiff also did not identify any documents that support her lost profit and commission claims, much less provided copies.  The initial disclosures state with respect to documentation:

> **2. Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

> Certain business records of Plaintiff's closely held businesses, RC Associates, Inc. and RC Design Construction Associates Inc.

Ex. B.

On February 1, 2021, Defendant's counsel advised Mr. Olasov by email that the initial disclosures were inadequate, and that we were prepared to enter into a confidentiality order. Defendant's counsel further suggested the parties schedule a call to discuss these matters.

Hon. Vera M. Scanlon, U.S.M.J.
February 5, 2021
Page 3 of 3

On February 2, 2021, Mr. Olasov wrote: "To move matters forward, why don't you do a draft of a protective order that you are prepared to sign." A copy of Defendant's counsel's email exchange with Mr. Olasov is annexed hereto as **Exhibit C**.

Defendant's counsel drafted a proposed confidentiality order, which was sent to Plaintiff's counsel on February 3, 2021. A copy of the cover email and proposed confidentiality order is annexed hereto as **Exhibit D**.

On February 3, 2021, Defendant's counsel had a conference call with Mr. Olasov and Mr. Wood to discuss the initial disclosures. Mr. Wood reversed positions that Mr. Olasov had previously taken. He said that Plaintiff would not provide any of the requested information or documents and would not enter into any confidentiality agreement. Mr. Wood further stated that the only disclosure he would agree to in the future with respect to Plaintiff's lost profit claim was if it was "under court supervision." When Defendant's counsel tried to discuss this issue further, Mr. Wood interrupted, said that his positions were final, and there was nothing more to discuss.

This case has been pending since 2018. It is now well past the time when Plaintiff should have revealed the most basic information about her damage claims. The continued withholding of this information flies in the face of the language and purpose of Rule 26 and will severely prejudice Defendant's ability to prepare her defense.

Defendant respectfully requests that the Court order Plaintiff to provide the following information and documents by a date certain or be precluded from prosecuting its claims: (i) the identity of the eight customers including their physical addresses, email addresses, and telephone numbers; (ii) the identities of the persons with knowledge concerning the lost sales commissions, including the persons and entities that would have paid those commissions, along with their physical addresses, email addresses, and telephone numbers; (iii) documents evidencing that Plaintiff's special damages were caused by or connected to the Defendant or a statement saying that no such documents exist; and (iv) documents that show and support the lost profits and lost commission claims.

Respectfully submitted,

*/s/ John H. Reichman*

John H. Reichman

cc:     All Counsel on ECF