**David Yeger**

| | |
|---|---|
| **From:** | JOHN REICHMAN <john@johnreichmanlaw.com> |
| **Sent:** | Friday, February 5, 2021 11:15 AM |
| **To:** | David Yeger |
| **Subject:** | FW: LaLiberte/Reid |
| **Attachments:** | Cantu v. Flanigan, 705 F. Supp. 2d 220 --.pdf; Daniels v. Kostreva, 2017 U.S. Dist. LEXIS 5534 per se damages.pdf |

John H. Reichman
Johnreichmanlaw LLC
john@johnreichmanlaw.com
917.626.8025
www.johnreichmanlaw.com

---

**From:** David Olasov <dolasov@olasov.com>
**Sent:** Thursday, January 28, 2021 4:46 PM
**To:** JOHN REICHMAN <john@johnreichmanlaw.com>
**Cc:** Lin Wood <lwood@linwoodlaw.com>; David Olasov <dolasov@olasov.com>
**Subject:** LaLiberte/Reid

John,

I reviewed your email.  We do not believe that your demand that the plaintiff provide a "calculation" of per se defamation damages reflects a proper appreciation of how such damages are determined by a finder of fact.  I am attaching two cases that illustrate how such damages are determined in the EDNY.  As you know, the 2nd Circuit's decision has already determined that per se damages have been properly pleaded in the amended complaint, and that on such pleadings damages are presumed.  The authority cited in your email does not speak to the relevant propositions.

However, we will be supplementing the calculation of special damages.  Once a protective order is entered by the Court, we will be able to identify the lost customer revenues in greater detail.  We are also going to provide documentation of other elements of special damages.  You are welcome to bring on whatever motion you want, if you believe that serves your interests.

I have not forgotten my providing you with a letter identifying defenses in your answer that the plaintiff believes to be foreclosed by the Court of Appeals decision.  However, that will have to await our response to your motion to revoke Lin Wood's *pro hac vice* admission.  Of course, you do not need us to do this exercise for you, since the defenses fail whether you plead them or not.  It's just cleaner and clearer for lost defenses to be recognized as such, one way or another.

Regards,

David Olasov



David M. Olasov
Partner
485 Madison Avenue, 7th Floor
New York, NY 10022
Direct: 646-583-5968
Cell: 917-214-8746
Main: 212-588-0540
Email: dolasov@olasov.com
Fax: 212-202-4840

**David Yeger**

| | |
|---|---|
| **From:** | JOHN REICHMAN <john@johnreichmanlaw.com> |
| **Sent:** | Wednesday, January 27, 2021 10:09 AM |
| **To:** | David Olasov |
| **Cc:** | Lin Wood; David Yeger; Marcellus McRae (MMcRae@gibsondunn. com); Marissa Moshell (MMoshell@gibsondunn. com); TBoutros@gibsondunn.coms; David Yeger |
| **Subject:** | RE: LaLiberte v. Reid |

David,

Pursuant to *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) and numerous other cases, your initial disclosures were required to provide a computation of damages for each category of damages plaintiff is claiming, supported by documents, which must be provided or identified and made available for inspection.

> Second, by its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a "computation," supported by documents. …
> Third, Rule 26(a) requires a party to provide a computation of any category of damages voluntarily, i.e., "without awaiting a discovery request"; Design's failure to comply with this requirement was especially troubling because, as noted by the District Court, the IT Defendants specifically *requested* a calculation of damages.
> Fourth, Rule 26(a) requires a party—in addition to providing a calculation of damages— to make "available for inspection and copying as under Rule 34 the documents or other evidentiary material ... on which such computation is based." The Advisory Committee Notes to Rule 26(a)(1)(c) accompanying its promulgation make clear that the rule "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." Fed.R.Civ.P. 26 Advisory Committee Notes to 1993 Amendments. Design failed to disclose both a calculation of damages *and* the documents supporting that calculation. *Id.* 295-296.

Moreover, a party cannot satisfy Rule 26(a) by "merely setting forth the figure demanded" unaccompanied by any analysis; rather, "the disclosures must be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it." *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09-CV-0902, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014).

By not saying how you computed the putative damages, by not computing damages by category, by not saying what plaintiff's pro se damages are and by not providing any document support, you are in violation of Rule 26(a).

1

Please advise us ASAP if you will be providing revised initial disclosures by the 1/29/21 deadline set by the court. If not, we will move to compel and/or for preclusion.

John H. Reichman
Johnreichmanlaw LLC
john@johnreichmanlaw.com
917.626.8025
www.johnreichmanlaw.com

---

**From:** David Olasov <dolasov@olasov.com>
**Sent:** Saturday, January 16, 2021 1:53 PM
**To:** JOHN REICHMAN <john@johnreichmanlaw.com>
**Cc:** Lin Wood <lwood@linwoodlaw.com>; David Yeger <david@yegeresq.com>; Marcellus McRae (MMcRae@gibsondunn. com) <MMcRae@gibsondunn.com>; Marissa Moshell (MMoshell@gibsondunn. com) <MMoshell@gibsondunn.com>; TBoutros@gibsondunn.coms
**Subject:** LaLiberte v. Reid

John,

Concerning defendant's assertion that plaintiff's initial disclosures were inadequate in respect of the "calculation" of per se damages, we believe that what we stated was legally correct and sufficient given the nature of per se damages and consistent with the Second Circuit's decision on the sufficiency of the amended complaint in its allegation of defamation damages.  In any event, to move our discussion forward productively, we ask you to give us case authority for the proposition that plaintiff's initial disclosure statement has to do something more to "calculate" per se damages.  Let me know ASAP if your colleagues and you do not believe that this is an appropriate next step.

Regards,

David Olasov

OLASOV LLP

David M. Olasov
Partner
485 Madison Avenue, 7th Floor
New York, NY 10022
Direct: 646-583-5968
Cell: 917-214-8746
Main: 212-588-0540
Email: dolasov@olasov.com
Fax: 212-202-4840