**David Yeger**

| | |
|---|---|
| **From:** | JOHN REICHMAN <john@johnreichmanlaw.com> |
| **Sent:** | Friday, February 5, 2021 8:45 AM |
| **To:** | David Yeger |
| **Subject:** | FW: Confidentiality order |
| **Attachments:** | Confidentiality Order v1.docx |

John H. Reichman
Johnreichmanlaw LLC
john@johnreichmanlaw.com
917.626.8025
www.johnreichmanlaw.com

---

**From:** JOHN REICHMAN
**Sent:** Wednesday, February 3, 2021 8:58 AM
**To:** David Olasov <dolasov@olasov.com>
**Cc:** Theodore Boutrous (TBoutrous@gibsondunn.com) <TBoutrous@gibsondunn.com>
**Subject:** Confidentiality order

Here's our suggested order.  Please let us know when you are available to talk.

John H. Reichman
Johnreichmanlaw LLC
john@johnreichmanlaw.com
917.626.8025
www.johnreichmanlaw.com

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSLYN LA LIBERTE,

                          Plaintiff,

- against -

JOY REID,

                          Defendant.

Case No.: 1:18-cv-05398-DLI-VMS

**CONFIDENTIALITY ORDER**

      It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

      1.     The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

          a.     ____ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

          b.     ____ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

          c.     ____ Medical and Legal Records, including medical files and reports.

          d.     ____ Non-public criminal history.

      2.     If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

3. An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page. If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (1) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

4. Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as **Exhibit A**. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

5. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

6. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

7. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The document shall remain confidential until the Court rules on the application. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

8. The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

9. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all confidential material shall be returned to the respective producing

parties or destroyed by the recipients. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

10. This Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Order or any provisions thereof by application to the Court or to challenge any designation of confidentiality as inappropriate.

11. In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

12. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: New York, New York
       February 2, 2021

**JOHNREICHMANLAW LLC**　　　　　　　**OLASOV LLP**

By: _____　　　　By: _____
John H. Reichman　　　　　　　　　　　David M. Olasov
David Yeger, *Of Counsel*　　　　　　　　485 Madison Avenue, 7th Fl.
56 Oakwood Avenue　　　　　　　　　　New York, New York 10022
Montclair, New York 07043　　　　　　　(212) 588-0540
(917) 626-8025　　　　　　　　　　　　dolasov@olasov.com
john@johnreichmanlaw.com　　　　　　　*Attorneys for Plaintiff*
david@yegeresq.com
*Attorneys for Defendant*


Dated: Brooklyn, New York
       February ____, 2021

 

                                          _____
                                              VERA M. SCANLON
                                    UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSLYN LA LIBERTE,<br><br>              Plaintiff,<br><br>    - against -<br><br>JOY REID,<br><br>              Defendant. | Case No.: 1:18-cv-05398-DLI-VMS<br><br>**AGREEMENT WITH RESPECT TO**<br>**CONFIDENTIAL INFORMATION** |

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Confidentiality Order (the "Order") entered in the above-entitled action on _____.

4. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any confidential information that is disclosed to me.

7. I will return all confidential information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the confidential information.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

Dated: _____            _____