UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
ROSLYN LA LIBERTE,

    Plaintiff,

                      -against-

JOY REID,

    Defendant.
-------------------------------------------------------------------- X

Civil Action No. 1:18-cv-05398
(DLI-VMS)

# MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANT JOY REID TO REVOKE *PRO HAC VICE* ADMISSION OF PLAINTIFF'S ATTORNEY L. LIN WOOD

**L. LIN WOOD, P.C.**
P.O. Box 52584
Atlanta, GA 30355-0584
(513) 381-2838

and

**OLASOV LLP**
485 Madison Avenue, 7th Floor
New York, NY 10022
(212) 588-0540

*Attorneys for Plaintiff*

Lucian L. Wood
David M. Olasov,
    Of Counsel

February 8, 2021

Plaintiff Roslyn La Liberte, by her attorneys, L. Lin Wood, P.C. and Olasov, LLP, respectfully submit this Memorandum of Law in opposition to the motion filed by defendant Joy Reid on January 25, 2021 to revoke the *pro hac vice* admission of L. Lin Wood granted on October 11, 2018 to represent Ms. La Liberte in this Court in connection with the captioned litigation.

By her motion Ms. Reid asks this Court to impose sanctions on Mr. Wood –with a hugely adverse impact on both the plaintiff, Roslyn La Liberte, and Mr. Wood-- for political opinions and alleged activities of his in the public arena and as a litigant or attorney that on their face have nothing to do with the claims in this action that have been litigated in this Court and in the Court of Appeals for the Second Circuit since October 2018. Defendant levels essentially no criticism of Mr. Wood's professional conduct in this Court or in the Court of Appeals. Ms. Reid undertakes this attack on Woods with no sworn statement of her own of any kind. The sole predicate for this motion is a moving declaration by one of her lawyers, John Reichman, that is not based on personal knowledge, concerning events in places that he was not present and in litigations in which there is not even a pretense of professional participation by Mr. Reichman or any of the other lawyers who have represented Ms. Reid in this case in this Court or in the Court of Appeals from time to time. Mr. Reichman is nevertheless apparently at ease in drawing the most extravagant factual conclusions without any personal knowledge.

Ms. Reid's comfort in endorsing this assault on Wood's integrity and competence is of a piece with the real dispute in this litigation, that, when you cut to the chase, she defamed Roslyn La Liberte because she saw a photo of her wearing a Trump MAGA hat and baselessly drew really terrible conclusions about *her* based on a photo, when Ms. Reid was acting, if anything, on her aversion to former President Trump. However, plaintiff declines to follow Ms. Reid and her counsel down this rabbit hole, and respectfully submits that this Court likewise should not go there.

The only reason that defendant's screed in her motion does not go on at even greater length is that this Court denied her motion to file a brief in excess of 25 pages, and implored counsel not unnecessarily to use the allotted page limit.

As we show below, and in the accompanying declaration of Roslyn La Liberte ("LaLiberte Decl."), dated February 8, 2021, the affirmation of David M. Olasov ("Olasov Aff.") dated February 8, 2021and the affidavit of Lin Wood ("Wood Aff."), dated February 7, 2021, there is no conduct of Mr. Wood for which he should be sanctioned, and Ms. LaLiberte punished by depriving her of counsel of her choosing. Ms. Reid's motion should be denied in its entirety. Defendant withheld any mention of her alleged concerns until the end of the Initial Conference with the Court on January 11, 2021. The apparent objective of such concealment was to blindside plaintiff's counsel. Her concealment cannot be cured on this motion. Moreover, if the Court believes that it needs to have a further record, both the plaintiff and Wood would be entitled to an evidentiary hearing, which would impose on each of them expense and delay that is inappropriate on the basis on the deficient showing tendered by Ms. Reid and her attorneys.

In order to limit the energy the Court is to be forced to expend to act on this motion, we have limited the amount of cross-referencing between this Memorandum of Law and the proofs submitted by plaintiff and her counsel in opposition to the Reid motion. We respectfully refer the Court to these submissions, which speak for themselves.

**Prior Proceedings**

The facts and claims underlying this action are well-known to this Court. We recite them only to the extent necessary to put the stakes and merits of the pending motion in context. *See*

First Amended Complaint filed November 27, 2018 and *La Liberte v. Reid,* 966 F.3d 79 (2d Cir. July 15, 2020).

On June 25, 2018 La Liberte, a private citizen, appeared at a Simi Valley, California, City Council meeting as a concerned citizen for the purpose of expressing her views on California's sanctuary law. La Liberte was wearing a "Make America Great Again" hat at the time. Joy Reid, a TV personality with a national reputation and a huge following, saw a posting of a photograph of La Liberte at this meeting, retweeted that posting and made other publications of her own authorship on June 29 and July 1, 2018 in which Reid attacked La Liberte for having screamed abhorrent racial slurs at a 14 year old boy.

La Liberte was deluged with hostile and threatening communications that caused her to fear for her safety and the well-being of her family. She came to the conclusion that she would need experienced legal counsel to assist and guide her in her struggle to cope with the avalanche of threats and false, hurtful and damaging accusations against her. She performed an internet search that identified Wood as a leading defamation lawyer with a national reputation. She reached out to him on Sunday, July 1, 2018 and spoke with Wood and engaged his services on July 2, 2018. La Liberte Decl., ¶¶ 2 - 3; Wood Aff., ¶ 2 .

Wood composed a "cease and desist" letter addressed to Ms. Reid, that he sent on July 2, 2018, the day of his retention. Exhibit 7 to First Amended Complaint. This action was commenced on or about September 25, 2018. As lead counsel in this case, Wood has had a unique role in the representation of La Liberte. The Reichman Decl. is, at best, facetious in trying to minimize or disparage his involvement. *Cf.,* Reichman Decl., *passim*.

As the Court is fully aware, the history of this case has featured lengthy motion practice. By judgment dated September 30, 2019, this Court granted "in its entirety" defendant's motion to

dismiss the amended complaint under Fed. R. Civ. Pro. 12(b)(6) and to "strike" the pleading under California's anti-SLAPP statute, Cal. Civ. Pro. Code §425.16 and granted defendant leave to seek attorneys' fees and costs pursuant to Cal. Civ. Pro. Code §425.16(c)(1). This Court held that: (i) the plaintiff was a limited purpose public figure and that, accordingly, her claim for defamation as to a June 29, 2018 publication by the defendant be dismissed for failure to plead actual malice; and (ii) her claim for defamation as to defendant's July 1, 2018 publication be dismissed as non-actionable opinion.

By decision dated July 15, 2020, *La Liberte v. Reid,* 966 F.3d 79 (2d Cir. July 15, 2020), the Court of Appeals for the Second Circuit vacated this Court's judgment and remanded the case for further proceedings consistent with the appellate court's opinion. The Court of Appeals held, among other matters, that, as matters of law to be determined by the Court: (i) plaintiff was a private person and not a limited purpose public figure, (ii) as a private person, plaintiff need only prove negligence (and not actual malice) to recover for defamation and (iii) the July 1, 2018 statements alleged to be defamatory were not statements of opinion but provable assertions of fact and therefore actionable. On August 7, 2020 defendant petitioned the Court of Appeals for the Second Circuit for rehearing, with a suggestion of rehearing *en banc*. This petition was denied by order dated September 25, 2020. The mandate of the Court of Appeals issued on October 2, 2020. On remand, by order dated November 11, 2020, this Court denied defendant's motion for attorneys' fees and costs.

Many fewer legal issues remain in this case than preceded the foregoing motion practice.

Mr. Wood was the architect of the legal pleadings that were sustained in all material respects by the Second Circuit. For the purposes of the instant motion, it is not, and cannot, be argued, that the amended complaint and its allegations of fact and embedded principles of law

were made in bad faith or filed in derogation of any professional duty of plaintiff's counsel to this Court, much less in sanctionable breach.

Defendant and her counsel make no showing that they themselves have any legally cognizable interest in Wood's political and other activities unrelated to this action and to plaintiff La Liberte. They do not say anything about the delay or expense that would be visited upon La Liberte and Wood were Reid's motion granted or why this Court should wreak financial and litigation havoc on La Liberte and Wood on the application of the defendant. Just as important, Reid does essentially nothing to meet her burden under the Rules and case authorities the Magistrate Judge cited to her counsel and her.

# **A R G U M E N T**

## I. **Plaintiff is Entitled to Representation by Counsel of Her Choosing**

This Court granted the Wood *pro hac vice* application to practice in this Court in connection with his firm's representation of Roslyn La Liberte by order dated October 11, 2018. Wood Aff., ¶ 1. He has a national reputation as defamation counsel, and has practiced all over the United States in the representation of clients in defamation and other actions in a career spanning decades. Wood Aff., ¶¶ 1, 32. The routine entry of the *pro hac vice* order, without opposition by the defendant, reflects the established recognition that a party is, absent special other considerations, entitled to the representation by counsel of her choosing.

## II. Defendant Ordinarily Has No Say in Plaintiff's Choice of Counsel and Thus Has to Meet a Heavy Burden to Force the Opposing Party to Obtain Other Attorneys for Her Representation

In establishing the schedule for consideration of the revocation motion defendant asked to make on January 11, 2021, the Magistrate Judge directed:

> Defendant requested a briefing schedule to move to revoke Plaintiff counsels pro hac vice admission in this action. Defendants proposed motion, if any, must address material legal and factual issues including, but not limited to, a movants burdens when seeking such relief, pertinent Local Civil Rule 1.3 factors and substantive and procedural evidence pertaining to those factors. See, e.g., Local Civ. R. 1.3; Martens v. Thomann, 273 F.3d 159 (2d Cir. 2001); Doe v. Mastoloni, 307 F.R.D. 305 (D. Conn. 2015).

Defendant gives only lip service to her burden. Local Civil Rule 1.3(c) governs the admission of a member of another state or federal court to practice in a civil matter in the Eastern District of New York. Defendant does not allege, much less show, that there was any defect in Wood's application for *pro hac vice* admission in October 2018.

Once such an application is granted, the admitted attorney does not acquire second class attorney status, subject to the vagaries of attitudes of opposing parties or counsel. Thus, in *Martens v. Thomann,* 273 F.3d 159 (2d Cir. 2001), then Court of Appeals Judge Sotomayor observed that there was a distinction between denying an application for *pro hac vice* status and revoking *pro hac vice* admission after it has been granted. In the latter situation, which is what would be applicable here, the Court held that "revocation of *pro hac vice* admission is a form of sanctions that cannot be imposed without notice and an opportunity to be heard." 273 F.3d at 175. In so holding, she observed that "it may be inappropriate to revoke *pro hac vice* status on the basis of past misconduct unless the past misconduct affects counsel's current representation," *id.,* and quoted with approval authority that revocation is granted only in two situations:

> With rare exceptions disqualification has been ordered [in this Circuit] only in essentially two kinds of cases: (1) where an attorney's conflict of interests in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, for example, in violation of Canons 4 and 9, thus giving his present client an unfair advantage. . . . But in other kinds of cases, we have shown considerable reluctance to disqualify attorneys despite misgivings about the attorney's conduct. . . . {Therefore,] unless an attorney's conduct tends to taint the underlying trial by disturbing the balance of the presentations in one of these two ways. . . courts should be quite hesitant to disqualify an attorney.

273 F.3d at 177, fn.11, quoting *Bd. of Educ. of New York,* 590 F.2d 1241, 1246 (2d Cir 1979)(internal citations and footnotes omitted).

Obviously, neither of these situations are implicated here. It takes no genius to see that the defendant is looking for tactical advantage, not a level playing field. This motion has nothing to do with professional ethics. No one seriously questions Wood's commitment to Roslyn La Liberte and her case. The vigor of his representation cannot be challenged. Nor has Wood ever had any relationship of professional confidence with defendant Joy Reid. Nothing of the sort is alleged in her moving papers.

The Magistrate Judge's scheduling order also directed defendant Reid to deal with lines of cases in which one side allegedly abuses the discovery process, and revocation of *pro hac vice* admission is sought as a sanction under Rule 37 for discovery abuse. The Court referenced the case of *Doe v. Mastoloni,* 307 F.R.D. 305 (D. Conn. 2015). That case stands for at least two relevant procedural propositions. The first is that one party cannot simply seek revocation of the *pro hac vice* admission of counsel for an opposing party without giving the opposing party prior notice of the first party's objection and violation of an applicable court order to comply. This case

underscores the procedural obstacles that defendant faces but has ignored. First, she has not objected to the conduct of plaintiff's counsel's conduct or demanded compliance prior to making her motion. Second, she has not sought or obtained an order of this Court requiring compliance. Third, any such motion to compel would face problems of the first order that the party is seeking relief that is wholly unrelated to the litigation before the Court. Fourth, any such order, if granted, would have constitutional infirmities, especially since Reid is challenging free speech rights on matters having nothing to do with this litigation or implicating any interests of her own.

Even a cursory review of the issues raised by the Court show how ill-conceived is defendant's motion. The problems with this exercise are underscored by the evidence dripping from Reid's moving papers that exude malice and an unapologetic attempt to smear. Defendant puts before the Court a pleading by Wood's former colleagues in a fee dispute. Why does she do that? She has no stake in the outcome of that dispute. No ethical issues arise from Wood's defense of his contractual position. The dispute is not pending in this Court, and has not been resolved. We are left, therefore, with inflammatory assertions in pleadings that Reid and her counsel believe should be embarrassing or prejudicial to Wood before this Court. They lay bare defendant's purpose on this motion.

In his affidavit Wood disputes the accuracy and relevance of allegations made in the Reichman Declaration. But there are so many substantive and procedural obstacles to defendant's motion that the Court need not reach Wood's account in order to deny Reid's motion.

## CONCLUSION

For the foregoing reasons, and for those expressed in the answering La Liberte Declaration, the Olasov affirmation and the Wood affidavit, defendant's motion should be denied in its entirety, and the Court should award plaintiff and Wood as her counsel such additional relief as the Court may consider just and proper in the premises.

Dated: February 8, 2021  **L. LIN WOOD, P.C.**

By: /s  *Lucian L. Wood, Esq.*

P.O. Box 52584
Atlanta, GA  30355-0584

(513) 381-2838

Lucian L. Wood
David M. Olasov,
    Of Counsel  **OLASOV LLP**

By: /s  *David M. Olasov,.*

485 Madison Avenue, 7th Floor
New York, NY  10022

(212) 588-0540

*Attorneys for Plaintiff*