UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
ROSLYN LA LIBERTE,

    Plaintiff,

             -against-

JOY REID,

    Defendant.
----------------------------------------------------------------------- X

Civil Action No. 1:18-cv-05398 (DLI-VMS)

**AFFIRMATION OF DAVID M. OLASOV IN OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION OF L. LIN WOOD**

DAVID M. OLASOV, a member in good standing of the Bar of the State of New York and of this Court, affirms under penalties of perjury pursuant to NY CPLR § 2106(a), as follows:

1.     I am a member in good standing of the Bar of the State of New York, a member of the Bar of this Court since 1972, and a member of Olasov LLP, co-counsel with L. Lin Wood of L. Lin Wood, P.C., for plaintiff Roslyn La Liberte in this action. My firm and I have acted as local counsel for the plaintiff continuously since this case was filed in 2018. I submit this affirmation in opposition to the motion made by defendant Joy Reid on January 25, 2021 for an order revoking Mr. Wood's *pro hac vice* admission, which was granted on application and without opposition on or about October 11, 2018.

2.     This motion was not precipitated by any interaction between Mr. Wood and any lawyer for the defendant, Joy Reid. Nor was it preceded by any telephonic or personal appearance of Mr. Wood before this Court. To the best of my recollection, the first personal appearances of

any legal representatives of the parties before this Court took place with the initial conference before Magistrate Judge Vera M. Scanlon on January 11, 2021.

3. As the Court is fully aware, the history of this case has featured lengthy motion practice. By judgment dated September 30, 2019 this Court granted "in its entirety" defendant's motion to dismiss the amended complaint under Fed. R. Civ. Pro. 12(b)(6) and to "strike" the pleading under California's anti-SLAPP statute, Cal. Civ. Pro. Code §425.16 and granted defendant leave to seek attorneys' fees and costs pursuant to Cal. Civ. Pro. Code §425.16(c)(1). This Court held that: (i) the plaintiff was a limited purpose public figure and that, accordingly, her claim for defamation as to a June 29, 2018 publication by the defendant be dismissed for failure to plead actual malice; and (ii) her claim for defamation as to defendant's July 1, 2018 publication be dismissed as non-actionable opinion.

4. By decision dated July 15, 2020, *La Liberte v. Reid,* 966 F.3d 79 (2d Cir. July 15, 2020), the Court of Appeals for the Second Circuit vacated this Court's judgment and remanded the case for further proceedings consistent with the appellate court's opinion. The Court of Appeals held, among other matters, that, as matters of law to be determined by the Court: (i) plaintiff was a private person and not a limited purpose public figure, (ii) as a private person, plaintiff need only prove negligence (and not actual malice) to recover for defamation and (iii) the July 1, 2018 statements alleged to be defamatory were not statements of opinion but provable assertions of fact and therefore actionable. On August 7, 2020 defendant petitioned the Court of Appeals for the Second Circuit for rehearing, with a suggestion of rehearing *en banc*. This petition was denied by order dated September 25, 2020. The mandate of the Court of Appeals issued on October 2, 2020. On remand, by order dated November 11, 2020, this Court denied defendant's motion for attorneys' fees and costs.

5.   Mr. Wood was the architect of the legal pleadings that were sustained in all material respects by the Second Circuit.  For the purposes of the instant motion, it cannot be argued that the amended complaint and its allegations of fact and embedded principles of law were made in bad faith or filed in derogation of any professional duty of plaintiff's counsel to this Court, much less in sanctionable breach.

6.   Defendant served her answer to the amended complaint, with defenses, on October 30, 2020, three and one-half months after the Second Circuit's ruling.  In a draft of a Joint Report that I composed, I raised for the benefit of defendant's counsel and the Court the objection that defendant's answer asserted defenses that plaintiff's counsel believed to be foreclosed by the Second Circuit's decision:

> Plaintiff respectfully refers the Court to the recitation of her claims as summarized in the July 15, 2020 opinion of the Court of Appeals. Defendant's answer to the amended complaint, which was filed after the Second Circuit's July 15, 2020 opinion and the issuance of its mandate on October 2, 2020, sets forth defenses that, in plaintiff's view, have been foreclosed, including, among other matters, plaintiff's status as a private person (as opposed to a limited purpose public figure), the necessity to allege and prove actual malice (as opposed to negligence), and the status of defendant's July 1, 2018 publication as provable and actionable fact (as opposed to non-actionable opinion). In plaintiff's view, for the efficient, economical and just administration of this case, discovery on such matters ought not to be permitted.

7.   John Reichman advised me of his view that the Second Circuit's decision foreclosed essentially none of the defenses raised in defendant's October 30, 2020 answer.  He composed the following language in the same draft Joint Report:

> Plaintiff has asserted a defamation claim against Defendant based on two social media posts arising out of a Simi Valley, California city council meeting on June 25, 2018 that Plaintiff attended. Plaintiff alleges that the posts falsely and maliciously accused the Plaintiff of making racial slurs at the meeting, Defendant's defenses include, but are not limited to, that the posts were substantially true;

> Defendant did not act maliciously or negligently; the posts constitute politically protected speech; Plaintiff was a limited purpose public figure, the posts are non-actionable statements of opinion, Defendant issued a timely retraction, and Defendant did not proximately cause Plaintiff's damages (if any).

8. In the Joint Report that was filed with the Court, Mr. Reichman insisted on deleting what each of us had written about the claims and defenses and the preclusive effect of the Second Circuit's decision. In my opinion defendant's assessment of the impact of the Court of Appeals' ruling is not tenable. I intended to raise this problem in the initial conference, which came to be held on January 11, 2021.

9. Prior to the January 11 conference before Magistrate Judge Scanlon, neither Mr. Reichman nor any of defendant's other lawyers said anything to me nor to Mr. Wood, to the best of my understanding, that he had any objection of any kind to Mr. Wood's representation of Roslyn La Liberte in this Court. There is no writing of any such objection.

10. Nevertheless, at what should have been the conclusion of the telephonic conference, and without prior notice to the Court, Mr. Wood or me, Mr. Reichman made the argument that other public activities of Mr. Wood, having nothing to do with this case, obliged his client to move for revocation of Mr. Wood's *pro hac vice* admission to practice in this Court.

11. In her scheduling order of January 12, 2021 Magistrate Judge Scanlon pointedly set forth a movant's burden in sanctions motion of the kind defendant Reid has decided to make:

> As discussed during the 1/11/2021 conference, Defendant requested a briefing schedule to move to revoke Plaintiff counsels pro hac vice admission in this action. Defendants proposed motion, if any, must address material legal and factual issues including, but not limited to, a movants burdens when seeking such relief, pertinent Local Civil Rule 1.3 factors and substantive and procedural evidence pertaining to those factors. See, e.g., Local Civ. R. 1.3; Martens v. Thomann, 273 F.3d 159 (2d Cir. 2001); Doe v. Mastoloni, 307 F.R.D. 305 (D. Conn. 2015). On or before 1/25/2021, Defendant must serve any motion she elects to make. On or before 2/8/2021,

Plaintiffs response in opposition must be served. On or before 2/16/2021, Defendant may reply.

12. Lin Wood has a well-deserved national reputation as a defamation lawyer often representing the powerless and vulnerable. I believe that Roslyn LaLiberte is within that group, and that she has every right to retain and keep the legal services of Mr. Wood in this case, as she has indicated in her affidavit submitted to the Court she wishes to do.

13. Of late Mr. Wood has also become a public figure in the electoral and related disputes that have roiled our country. That is, also in my opinion, his right to do, although it has nothing to do with plaintiff Roslyn LaLiberte or this case. Lest there be any doubt on the matter, Lin and I do not share the same politics. I am, at least by my own assessment, a liberal, a registered Democrat and a very long-term resident of Brooklyn. I have Southern roots, but attitudes informed by my education (Columbia College and Yale Law School) and my Brooklyn community.

14. Both Mr. Wood and I feel deeply, however, that Roslyn LaLiberte has been wronged by the conduct of Ms. Joy Reid pleaded in the amended complaint. I have known him for years, and hold him in high professional regard. I am very comfortable litigating this action on her behalf with him, and believe that the Court should have the same level of comfort with his practicing in this District in this case.

15. In my view Defendant's motion is her effort to smear Mr. Wood, and cause additional and inappropriate expense and delay to the plaintiff and undeserved notoriety to her claim, which has real merit. But for the expense and delay entailed by the effort, I would have endorsed cross-moving for sanctions.

Dated: Brooklyn, New York
February 8, 2021

_____
David M. Olasov