UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
ROSLYN LA LIBERTE,

    Plaintiff,

        -against-

JOY REID,

    Defendant.
------------------------------------------------------------------------x

Civil Action No. 1:18-cv-05398 (DLI-VMS)

**AFFIDAVIT OF L. LIN WOOD IN OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION**

STATE OF GEORGIA    )
                               :ss.:
COUNTY OF FULTON    )

    L. LIN WOOD, being duly sworn, deposes and says:

    1.    I am a member in good standing of the Bar of the State of Georgia, and the principal and sole shareholder of L. Lin Wood, P.C., lead counsel for plaintiff Roslyn La Liberte in this action. My admission *pro hac vice* was granted by this Court by order dated October 11, 2018. I submit this affidavit in opposition to the motion made by defendant Joy Reid on January 25, 2021 for an order revoking my admission.

    2.    Ms. La Liberte contacted me on Sunday, July 1, 2018 after a search she performed on the internet identified me as a nationally recognized and experienced defamation lawyer. I asked her to telephone me on Monday, July 2, 2018. As a result of our conversation my firm and I have represented her interests in the Reid defamation matter continuously since that date. I composed and sent the "cease and desist" letter that is attached as Exhibit 7 to the first amended complaint in this action.

3. Responding to Paragraph 3 of the Declaration of John H. Reichman ("the Reichman Declaration"), since its inception in September of 1997, I have been the sole partner in the law firm of L. Lin Wood, P.C. While I entered into an office expense sharing agreement with Taylor Wilson, Jonathan Grunberg, and Nicole Wade, these lawyers have never been partners in L. Lin Wood, P.C. Each of these lawyers practice law through their own professional corporations and in the past, I associated them to assist me in cases of clients of L. Lin Wood, P.C. on a case-by-case fee agreement.

4. Responding to Paragraph 4 of the Reichman Declaration, my former office-sharing lawyers formed the firm of Wade, Grunberg & Wilson, LLC ("WGW") and I associated that firm to assist in this lawsuit. Members of that firm withdrew from this action at the request of Plaintiff. WGW filed lawsuit against L. Lin Wood, P.C. for alleged breach of a fee agreement and against me for alleged fraud in the inducement. That lawsuit is still pending and the material allegations of the lawsuit are denied and disputed. In my opinion, the fraud allegations in the WGW lawsuit are frivolous and were asserted with an intent to falsely smear me in part, because I am a supporter of President Donald Trump and one or more of the partners of WGW are public supporters of BLM. Discovery has not yet commenced in the WGW and I intend to vigorously defend against the frivolous claims. In my opinion, Mr. Reichman's inclusion of this pleading in his Declaration in what is supposed to be a sanctions motion by his client also has an improper purpose.

5. I deny and dispute the allegations stated in Paragraph 5 of the Reichman Declaration. I have been involved in extensive client meetings, the drafting of the pleadings in this case, and prosecuting the successful appeal of the motion to dismiss order. I recently handled as lead counsel a conference with defense counsel on issues of initial disclosures and settlement. Mr. Olasov is my co-counsel and will play an active role in the case for Plaintiff, but I am lead

counsel. During 25 of my 43 years of law practice, I have focused on defamation and First Amendment litigation.

6. I deny and dispute the allegations stated in Paragraph 6 of the Reichman Declaration. Prior to November 3, 2020, I was a strong and vocal supporter of the re-election of President Trump. At the request of the President, I met with him on March 11, 2020 in the Oval Office. Subsequent to the November 3 election, I have continued to exercise my First Amendment right of free speech to support President Trump. I have also exercised my right of free speech to advocate for protection of the Bill of Rights, honest elections, and against pedophilia and child sex trafficking. I have also received credible evidence of serious wrongdoing by high-ranking government officials which I have brought to the attention of the public and to federal law enforcement officials. The evidence of wrongdoing includes evidence of potentially serious crimes perpetrated by the Chief Justice of the United States Supreme Court.

7. I deny and dispute the allegations stated in Paragraph 7 of the Reichman Declaration. I conducted a press conference with Sidney Powell, the attorney for Lt. General Michael Flynn, at Wills Park in Alpharetta, Georgia. I exercised my right of free speech and did urge attendees to consider engaging in acts of non-violent freedom of assembly and the right to publicly protest acts and inactions by the Georgia Governor and Secretary of State. I am in possession of credible evidence supporting criminal acts by these Georgia officials.

8. I deny and dispute the allegations as stated in Paragraph 8 of the Reichman Declaration. My use of Twitter was an exercise of my right of free speech. The Reichman Declaration cherry picks a few of my tweets out of context of the body of social messages on Twitter as I post about politics, my religious faith, my rescue puppies, photos of my properties,

3

and other matters of interest to me. I like to write and have used social media as a platform for my writing on a variety of subjects.

9. I deny and dispute the allegations stated in Paragraph 9 of the Reichman Declaration. My tweet about Former Vice-President Mike Pence was protected rhetorical and political hyperbole. *See Watts v. United States*, 394. U.S, 705 (1969).

10. I deny and dispute the allegations as stated in Paragraph 10 of the Reichman Declaration. I did not attend the rally in support of President Trump on January 6, 2021 and was not involved whatsoever in planning the rally or in the incident at Congress that day. Based on publicly available information, the events of and participants in the January 6 incident at Congress is disputed and unresolved at the present time. What is undisputed is that I was not involved in any manner whatsoever. My tweet was protected speech.

11. I deny and dispute the allegations stated in Paragraph 11 of the Reichman Declaration and incorporate my response to Paragraph 10 above. I am in possession of credible evidence to support my statements about Pence and Rod Rosenstein, as well as information about the death of Seth Rich.

12. I deny and dispute the allegations stated in Paragraph 12 of the Reichman Declaration and incorporate my response to Paragraph 10 above. I am in possession of credible evidence to support my statements about Mike Pence.

13. I deny and dispute the allegations stated in Paragraph 13 of the Reichman Declaration and incorporate my response to Paragraph 10 above. The tweet of Bill White that I re-tweeted called only for a peaceful protest which is protected under the First Amendment.

14. I deny and dispute the allegations stated in Paragraph 14 of the Reichman Declaration. The authenticity of the alleged social account of Ashli Babbitt has not been established by admissible evidence and remains unproven and disputed.

15. I deny and dispute the allegations stated in Paragraph 15 of the Reichman Declaration. I have no firsthand knowledge of or involvement with the "Three Percenters: or "Qanon."

16. I deny and dispute the allegations stated in Paragraph 16 of the Reichman Declaration. I am not responsible for the characterizations of Ms. Powell and myself by unknown third parties.

17. My tweet described in Paragraph 17 of the Reichman Declaration is protected speech.

18. I deny and dispute the allegations stated in Paragraph 18 of the Reichman Declaration. My tweet is protected speech.

19. With respect to the allegations stated in Paragraph 19 of the Reichman Declaration, I have no knowledge of Mr. Colt and am not responsible for his statements.

20. I deny and dispute the allegations stated in Paragraph 20 of the Reichman Declaration. My tweets are protected speech. No tweet is identified in this paragraph.

21. With respect to the allegations stated in Paragraph 21 of the Reichman Declaration I do not deny any statement I made at the January 11, 2021 conference assuming it is not taken out of context.

22. With respect to the allegations as stated in Paragraph 22 of the Reichman Declaration, my Twitter account was terminated on or about January 7 as was the account of President Trump. After that date, many Twitter accounts of Trump supporters have been

terminated. I have credible evidence to support my statements about Pence. My tweet is protected speech.

23. With respect to the allegations stated in Paragraph 23 of the Reichman Declaration, I posted on Parler for months prior to my account being terminated by Twitter and I presently post on Telegram. My posts are protected speech and my January 7 post is protected rhetorical and political hyperbole. *See Watts v. United States*, 394. U.S, 705 (1969).

24. I have credible evidence to support the truth of my description of Former Vice-President Pence as a traitor.

25. I deny and dispute the allegations stated in Paragraph 24 of the Reichman Declaration. I have turned over whistleblower evidence to the United States Secret Service related to Former Vice-President Mike Pence and other high-ranking government officials. If desired by this Court, I am prepared to file that evidence along with a considerable amount of evidence of election fraud. I am not doing so at this time as I do not believe those issues are relevant to the present motion which I believe is nothing more than an effort to smear my reputation and interfere with Plaintiff's Constitutional right to counsel of her choice.

26. With respect to the allegations stated in Paragraph 25 of the Reichman Declaration, my social posts are protected speech and I have credible evidence to support my statements of potential criminal actions which I will file with this Court if requested.

27. I deny and dispute the allegations stated in Paragraph 26 of the Reichman Declaration. I was not counsel of record in the Wisconsin, Arizona, and Michigan cases. I did not seek *pro hac vice* privileges in those cases. No motion for sanctions has been filed and served upon me in the Michigan case. I am the plaintiff in the Georgia case and was represented at the time of filing and in the trial court by competent and qualified Georgia counsel. The Georgia case is

presently pending before the United States Supreme Court on writ of certiorari and has been set for conference on February 19. I believe there is a good faith legal argument supporting the Georgia case.

28. I deny and dispute the allegations stated in Paragraph 27 of the Reichman Declaration. The revocation of my *pro hac vice* admission in the Delaware case wherein I represented Carter Paige is on appeal as it was based on false finding regarding the status of the Georgia case and the Wisconsin case. I believe the revocation was undertaken as part of a political agenda by a Delaware judge who raised the issue *sua sponte* without having received any complaint by a client or interested party. Delaware is the home state of Joe Biden.

29. I deny and dispute the allegations stated in Paragraph 28-34 of the Reichman Declaration which relate to my social media posts concerning Chief Justice John Roberts. My posts are protected speech and I have credible whistleblower evidence to support the truth of my statements. I have not received a retraction demand from Justice Roberts or his counsel and he has not made any claim to date that my posts are false and defamatory. Former Vice President Mike Pence or Rod Rosenstein have not sent retraction demands or claims that my posts of and concerning them are false and defamatory.

30. I deny and dispute the allegations stated in Paragraph 35 of the Reichman Declaration. I have never advocated that anyone should break the law either in my capacity as a private citizen or in my 43 years as a lawyer. Anyone who states that I have done so is not speaking the truth.

31. I deny and dispute the allegations stated in Paragraph 36 of the Reichman Declaration. I had absolutely no involvement in any aspect of the January 6 events or incidents in Washington, D.C. I have not visited Washington, D.C. since my March 11 meeting with President

7

Trump. Any allegation that I was involved in the January 6 events or incidents is errant nonsense with no factual support.

32. I have at all times in this action sought to comply with the rules applicable to the practice of law in this Court and I intend to continue to do so. The body of my life's work as a lawyer who has practiced *pro hac vice* in over 25 states demonstrates that I adhere to the highest standards of my profession.

_____
L. Lin Wood

Sworn to Before Me
this 7 day of February, 2021

_____
Notary Public
exp. 3/4/2021

8