UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSLYN LA LIBERTE,<br><br>                              Plaintiff,<br><br>          - against -<br><br>JOY REID,<br><br>                              Defendant. | Case No.: 1:18-cv-05398-DLI-VMS |

**DEFENDANT JOY REID'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF HER MOTION TO REVOKE L. LIN WOOD'S *PRO HAC VICE* ADMISSION**

Respectfully submitted,

JOHNREICHMANLAW LLC
56 Oakwood Avenue
Montclair, New Jersey 07043
(917) 626-8025

*-and-*

GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, California 90071
(213) 229-7000

*Attorneys for Defendant Joy Reid*

## I. INTRODUCTION

Defendant Joy Reid submits this reply memorandum of law in further support of her motion to revoke the *pro hac vice* admission of L. Lin Wood and in response to Plaintiff Roslyn La Liberte's opposition papers, including Mr. Wood's affidavit.

Mr. Wood's affidavit, standing alone, requires that his *pro hac vice* admission be revoked. That affidavit not only espouses discredited conspiracy theories, but also doubles down on his false and wholly unsupported attacks on Mr. Pence as a "TRAITOR, a Communist Sympathizer & a Child Molester" and on Chief Justice John Roberts as a pedophile and more. Dkt. 64 ¶¶ 22, 29-34; Dkt. 66-3 ¶¶ 22, 29. Mr. Wood even adds a new smear against another judge, claiming, without evidence, that the Delaware judge who revoked his admission had a "political agenda" and noting that "Delaware is the home state of Joe Biden." Dkt. 66-3 ¶ 28. Mr. Wood adds more lies and omissions regarding his bar status, the sanctions motion brought against him, and the status of the Delaware action. In short, by filing this affidavit, Mr. Wood has violated multiple provisions of the New York Rules of Professional Conduct ("RPC"), Rule 11 of the Federal Rules of Civil Procedure ("FRCP"), and 18 U.S.C. § 1621 (criminalizing perjury), and has provided Exhibit A as to why he is unfit to practice before this Court.

In addition, Plaintiff's opposition memorandum is a scattershot of unsupported, irrelevant, and meritless arguments that fails to even address the legal arguments and ethical rules that Ms. Reid cited in her motion. He does nothing to challenge the wealth of undisputed evidence that he sought to prevent the constitutional electoral process from going forward by urging the imposition of martial law, encouraging the occupancy of the United States Capitol, and calling for the arrest and execution of then-Vice President Mike Pence. While Plaintiff asserts that Mr. Wood's "free speech rights" allow him to slander with impunity the Chief Justice and Mike Pence and call for

1

the execution of the Vice President, her memorandum does not cite a single case, let alone make any legal argument on this point. Opp. at 9. Plaintiff and Mr. Wood also do not—because they cannot—contest that Mr. Wood brought at least five frivolous lawsuits attacking the 2020 presidential election, or that the Delaware court revoked his *pro hac vice* admission based on those frivolous filings and his incitement of the insurrection at the Capitol on January 6.

Accordingly, while Plaintiff asserts that Ms. Reid's motion "has nothing to do with professional ethics," Opp. at 8, that is exactly what this motion is about. This Court should revoke Mr. Wood's *pro hac vice* admission because of his persistent and flagrant violation of numerous ethical rules governing attorneys in this Court.

## II.  ARGUMENT

**A.   Mr. Wood's Affidavit is Grounds for Revocation Alone.**

Mr. Wood's affidavit, in and of itself,[1] provides grounds for revocation of his *pro hac vice* status in this Court, as it is filled with false and misleading statements and discredited conspiracy theories, as well as indefensible and unfounded positions and slurs against the former Vice President, the Chief Justice, and others.

1.   Mr. Wood makes false and misleading statements under oath about the election cases where he has appeared and his disciplinary status as a lawyer. Mr. Wood begins his affidavit with the simple statement that he is a "member in good standing of the Bar of the State of Georgia."

---

[1] Plaintiff relies on a footnote in *Martens v. Thomann,* 273 F.3d 159, 177 n.11 (2d Cir. 2001) to argue that an attorney's *pro hac vice* admission can only be revoked if he is not adequately representing his client's interest in the action where revocation is sought. But the *Martens* footnote merely states that the *typical* revocation or disqualification case involves attorney misconduct or conflicts in the case where revocation is sought; it does not preclude other grounds for revocation. *See, e.g.*, *In re Jaffe*, 585 F.3d 118, 137 (2d Cir. 2009) (taking into account attorney's pattern of misconduct and "repeated neglect" in multiple cases in imposing sanction requiring withdrawal from admission); *In re Morisseau*, 763 F. Supp. 2d 648, 663-65 (S.D.N.Y. 2011) (revoking attorney's ability to appear *pro hac vice* based on various violations of the RPC in multiple matters); *Matter of Bishop*, No. 08-MC-356, 2009 WL 10703461, at *7 (E.D.N.Y. Jan. 16 2009) (disbarring attorney reciprocally because he had been disbarred in Georgia). Moreover, Mr. Wood has exhibited a lack of candor with *this Court* and an inability or unwillingness to comply with *this Court's* rules in *this action*.

Dkt. 66-3 ¶ 1.  That is misleading because he omits the fact that, since Ms. Reid filed her motion, the State Bar of Georgia has asked Mr. Wood to take a mental health examination or risk disbarment, and confirmed they are investigating two complaints against Mr. Wood under a rule that addresses a lawyer's incapacity.  Debra Cassens Weiss, *After Filing Election Suits, Pro-Trump Lawyer L. Lin Wood is Asked to Undergo Mental Health Evaluation*, ABA Journal (Feb. 1, 2020), https://www.abajournal.com/news/article/after-filing-election-suits-pro-trump-lawyer-l.-lin-wood-is-asked-to-undergo-mental-health-evaluation.

Mr. Wood also swears that "no motion for sanctions has been filed and served upon [him] in the Michigan case," but that is false.  Dkt. 66-3 ¶ 27.  The City of Detroit filed a motion for sanctions, disciplinary action, and disbarment of several attorneys, including Mr. Wood, in the Michigan action on January 5, 2021.  Dkt. 64-25 at 53 (requesting, *inter alia*, that Mr. Wood be "referred for disciplinary proceedings to the Michigan Attorney Grievance Commission as well as to the disciplinary authorities in [his] home state[]").  Mr. Wood also claims that the order revoking his admission in the Delaware action has been appealed, Dkt. 66-3 ¶ 28, but there is no record of any such appeal being filed.

2.   Regarding the Delaware court's recent revocation of his *pro hac vice* admission in the *Page* case, Mr. Wood has nothing to say on the merits, instead asserting, without any evidence, that the judge was acting to further a "political agenda," thereby engaging in exactly the kind of baseless attack on a judicial officer raised in Ms. Reid's motion to disqualify him from practice before this Court.  *See* Mot. 12-15; *see infra* p. 4-5.

3.   Mr. Wood's affidavit does not challenge the wealth of evidence that, as part of an effort to overturn the results of the presidential election and subvert the Constitution, he urged the

3

imposition of martial law, encouraged the siege of the United States Capitol, and called for the arrest and assassination of then-Vice President Mike Pence. *See* Dkt. 64 ¶¶ 8-13, 23.

Rather, he shows his unfitness to practice law by doubling down on his outrageous false claims about Chief Justice John Roberts, including that he is a murderous pedophile, was mixed up with Jeffrey Epstein and involved in the death of Justice Scalia, was being blackmailed, and was trafficking children. *See* Dkt. 64-28 at 3-4; Dkt. 64 ¶ 33. Mr. Wood states without any corroboration or detail that he has "credible evidence of serious wrongdoing by high-ranking government officials which [he] ha[s] brought to the attention of the public and to federal law enforcement officials." Dkt. 66-3 ¶ 6. He adds that this includes "evidence of potentially serious crimes perpetrated by the Chief Justice of the United States Supreme Court." *Id.* To add insult to injury, Mr. Wood in his affidavit, under oath and without supplying any evidence whatsoever, embraces his prior false and unfounded statements about the former Vice President, including that he has "credible evidence" that Mr. Pence is a traitor, a communist sympathizer, and a child molester. Dkt. 66-3 ¶¶ 11-12, 22, 24.

These false, baseless attacks standing alone warrant revocation and sanctions. As Ms. Reid detailed extensively in her motion, such unfounded attacks on the Chief Justice violate RPC 8.4(d), which provides that a lawyer shall not "engage in conduct that is prejudicial to the administration of justice." Ms. Reid challenged Mr. Wood to produce evidence to support his claims, but he failed to do so, and that disqualifies him from practicing before this Court. *See In re Morisseau,* 763 F. Supp. 2d 648, 663 (S.D.N.Y. 2011) ("[T]he direct and implied accusations that Judge Kaplan is dishonest, violate a number of Disciplinary Rules and Rules of Professional Conduct as reflected in the findings below." (citing *In re Evans,* 801 F.2d 703, 706–07 (4th Cir. 1986) (holding that unsubstantiated allegations that judge had religious bias merited disbarment from federal

4

court))); *Matter of Wisehart,* 281 A.D.2d 23, 31-32 (1st Dep't 2001) (imposing a suspension on an attorney for making false statements about sitting judges); *see also Matter of Palmisano*, 70 F.3d 483, 487 (7th Cir. 1995) (holding that attorney's failure to provide support for the slurs he made against the judiciary was grounds to justify disciplinary action).

4. Finally, Mr. Wood's affidavit espouses unsupported, discredited conspiracy theories promoted by QAnon followers and others, about "pedophilia and child sex trafficking," Dkt. 66-3 ¶ 6, "criminal acts by . . . Georgia officials," *id.* ¶ 7, former Deputy Attorney General Rod Rosenstein, and "the death of Seth Rich." *Id.* ¶ 11. Any lawyer who injects such outlandish vitriol into a sworn affidavit is unfit to practice before this Court.

**B.    The Legal Arguments Advanced By Plaintiff Are Baseless.**

1. Plaintiff's principal argument in her memorandum against the revocation of Mr. Wood's admission is that she wants to maintain Mr. Wood's role as her counsel. Plaintiff has submitted a declaration to this effect, but there is no indication that she sought independent legal advice with respect to whether continued representation by Mr. Wood is in her best interest. Even assuming, however, that Plaintiff was properly advised, her preference must give way to this Court's duty to enforce the RPC and protect the integrity of the judicial system. Federal courts possess inherent powers "to discipline attorneys who appear before [them]." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes the power to "police the conduct of attorneys as officers of the court" and to impose sanctions for attorney misconduct. *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000); *In re Goldstein*, 430 F.3d 106, 110 (2d Cir. 2005).

The right to retain counsel of one's choice "must give way when required by the fair and proper administration of justice." *United States v. Ostrer,* 597 F.2d 337, 341 (2d Cir. 1979); *see also Hull v Celanese Corp.*, 513 F.2d 568, 572 (2d Cir. 1975) ("The preservation of public trust

5

both in the scrupulous administration of justice and in the integrity of the bar is paramount."). Even in a criminal case, "[w]hile involuntary disqualification of counsel may prevent [a] [party] from retaining counsel of h[er] choice, courts have the power and duty to disqualify counsel where the public interest in maintaining the integrity of the judicial system outweighs the [party]'s constitutional right." *In Re Grand Jury Subpoena*, 781 F.2d 238, 250-51 (2d Cir. 1986); *see also Hull*, 513 F.2d at 572 (explaining that while a party's right to counsel is important, the consideration "must yield . . . to considerations of ethics which run to the very integrity of our judicial process").

Here, the public interest in maintaining the integrity of the judicial system outweighs Plaintiff's desire to keep Mr. Wood as her counsel.

2.  Plaintiff's procedural arguments are also meritless. In *Doe v. Mastoloni*, 307 F.R.D. 305, 310-11 (D. Conn. 2015), a district court found that a motion to revoke *pro hac vice* admission based upon a failure to provide adequate discovery responses was premature because the moving party did not first move to compel more detailed responses. Citing *Mastoloni*, Plaintiff argues that Ms. Reid "has not sought or obtained an order of this Court requiring compliance" prior to making her motion. Opp. at 9.

*Mastoloni* is inapposite. As Ms. Reid explained in her motion, *see* Mot. at 7, no "compliance" here is possible. Ms. Reid's motion is not based on a discovery failure—it is based on incurable and continuing misconduct. Mr. Wood's encouragement of the siege on the Capitol, his false attacks on the Chief Justice and the judicial system, and his filing of frivolous lawsuits are not remediable, and that is why at least one other court has already revoked Mr. Wood's admission for such conduct. Dkt. 64-27. Further, far from indicating any desire to "walk back" his statements or modify his conduct, Mr. Wood has defended his behavior in his affidavit. *See*

6

*supra* § II(A). Mr. Wood stood by his social media posts that encouraged unlawful and violent behavior, and continued to allege—this time under oath—that he has evidence the Chief Justice is a corrupt pedophile involved in murdering judges. *See* Dkt. 66-3 ¶ 6. Thus, Mr. Wood's ethical violations are continuing and, if anything, only getting worse.

Plaintiff also claims that, to the extent this Court considers granting Ms. Reid's motion, Mr. Wood is entitled to an evidentiary hearing. But there are no relevant facts in dispute. Moreover, this Court gave Plaintiff and Mr. Wood "notice and an opportunity to be heard," complying with *Martens v. Thomann*, 273 F.3d 159, 175 (2d Cir. 2001). *See* Mot. at 7. Courts have repeatedly held that due process does not require an evidentiary hearing where the party had a "sufficient opportunity to contest the underlying facts and to address the issue of sanctions." *Breezevale Ltd. v. Dickinson*, 879 A.2d 957, 964 (D.C. Ct. App. 2005) (upholding sanction of dismissal and over $4 million in monetary sanctions for fraud on the court and holding no evidentiary hearing was necessary); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) ("[N]ot . . . every order entered without . . . a preliminary adversary hearing offends due process."). Mr. Wood has been "forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against [the] specific charges." *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997). That is all that is required, and neither Plaintiff nor Mr. Wood have presented any arguments or evidence to rebut the overwhelming evidence requiring revocation of Mr. Wood's admission. If Mr. Wood is truly able to produce "credible evidence" in support of his attacks, *see* Dkt. 66-3 ¶¶ 6-7, 11-12, 22, 24, 26, 29, he should have produced this evidence for the Court in connection with his affidavit.

3.    Finally, Plaintiff's opposition mentions Mr. Wood's "free speech rights," Opp. at 9, but cites no authority, and none exists, for the proposition that Mr. Wood's misconduct can be

7

excused on free speech grounds.[2]  Instead, in his affidavit, Mr. Wood glibly defends his social media posts and public statements as "protected rhetorical and political hyperbole," citing only *Watts v. United States*, 394 U.S. 705 (1969). Dkt. 66-3 ¶ 9, 23.  *Watts*, however, does not provide the refuge Mr. Wood seeks.  In that case, a defendant was in a small group at a public rally, and stated "I have already received my draft classification as 1-A and I have got to report for my physical this Monday coming.  I am not going.  If they ever make me carry a rifle the first man I want to get in my sights is L.B.J.  They are not going to make me kill my black brothers." *Id.* at 706.  The Supreme Court held that the defendant's statement about the President was mere rhetorical hyperbole due to the "context" of the statement, the "expressly conditional nature of [it]," and the fact that the audience laughed at it. *Id.* at 708.

Mr. Wood's comments and actions are the antithesis of the statements in *Watts*.  Leaving aside his numerous false statements of fact, his fighting language was not conditional—in no uncertain terms he told his 1.1 million Twitter followers on January 1, that Vice President Pence should face arrest and "execution by firing squad." Dkt. 64 ¶ 9.  As the crowd gathered on January 6 for the assault on the Capitol, Mr. Wood issued a call for imminent lawless action, exhorting his followers to "lock up Traitor Mike Pence," *id.* ¶ 11, and just a few minutes before the Capitol breach, *see* Ex. 64-3 at 5, he again called Mr. Pence a "TRAITOR" and said he had evidence to support his claims, Dkt. 64 ¶ 12.  The evidence shows that members of the mob were listening to Mr. Wood's exhortations.  Mot. at 9-10.  Indeed, as has been well documented on video, the insurrectionists on January 6 searched for lawmakers, called Mr. Pence a traitor, yelled "Hang

---

[2] Courts have often rejected the argument that the First Amendment is a defense to conduct by lawyers far less egregious than Mr. Wood's. *See, e.g.*, *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 138 F.3d 33, 39 (2d Cir. 1998) (affirming the revocation of an attorney's *pro hac vice* admission for questioning a district judge's impartiality); *In re Evans*, 801 F.2d 703, 706–07 (4th Cir. 1986) (disbarring attorney and rejecting argument that the First Amendment is a defense to false statements about a magistrate judge); *Matter of Wisehart*, 281 A.D.2d 23, 31-32 (1st Dep't 2001) (rejecting attorney's First Amendment defense and upholding suspension for making false statements about sitting judges).

8

Mike Pence," and erected a gallows with a noose on the National Mall outside of the Capitol. Dkt. 64-4 at 4, 9, 14; Dkt. 64 ¶ 20 n.14 at 1:08, 6:56.

The notion that Mr. Wood was simply engaging in hyperbole when he called for the assassination of Mr. Pence on January 1 is also belied by the fact that **he did it again the very next day, after the insurrectionists had erected a gallows and professed their goal of "Hang[ing] Mike Pence,"** urging Mr. Pence's execution on January 7 by declaring: "Get the firing squads ready. Pence goes FIRST." Dkt. 64 ¶ 23. For Mr. Wood to mischaracterize the undisputed facts and ignore the context displays a dishonesty and lack of candor that disqualifies him from practicing before this Court. *See* RPC 3.3 (prohibiting a lawyer from "knowingly . . . mak[ing] a false statement of fact or law to a tribunal"); RPC 8.4 (stating lawyers cannot "engage in conduct involving dishonesty, fraud, deceit or misrepresentation"). As the Delaware court found, Mr. Wood's tweets, including calling for the execution of Mr. Pence, "[n]o doubt . . . incited these riots." Dkt. 64-27 at 7-8.

### III. CONCLUSION

For all of these reasons, and those stated in Ms. Reid's opening memorandum, the Court should grant Ms. Reid's motion to revoke the *pro hac vice* admission of L. Lin Wood.

Dated: February 12, 2021

                                      **JOHNREICHMANLAW LLC**

                                      By: *s/ John Reichman*
                                      John H. Reichman
                                      David Yeger, *Of Counsel*
                                      56 Oakwood Avenue
                                      Montclair, New Jersey 07043
                                      (917) 626-8025
                                      john@johnreichmanlaw.com
                                      david@yegeresq.com

                **GIBSON, DUNN & CRUTCHER LLP**
                Theodore J. Boutrous Jr.
                Marcellus A. McRae
                Marissa Moshell
                333 S. Grand Avenue
                Los Angeles, California 90071
                (213) 229-7000
                TBoutrous@gibsondunn.com
                MMcRae@gibsondunn.com
                MMoshell@gibsondunn.com

                *Attorneys for Defendant Joy Reid*