

485 Madison Avenue, 7th Floor
New York, New York 10022
Tel: (212) 588-0540
Fax: (212) 202-4840

David M. Olasov
Partner
646.583.5968 Direct Dial
dolasov@olasov.com

February 12, 2021

Honorable Vera M. Scanlon
Magistrate Judge,
United States District Court for the Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

    Re: La Liberte v. Reid (1:18-cv-05398-DLI-VMS)

Dear Judge Scanlon:

    This letter brief is submitted on behalf of plaintiff Roslyn La Liberte in response to the February 5, 2021 letter brief of John Reichman in support of the application of Joy Reid to compel a further supplemental response in connection with plaintiff's initial disclosures. Defendant's papers unfortunately do not actually spell out what the problem is, focusing instead on a draft Confidentiality Order, which could perhaps be a vehicle for the problem's solution, but is not in its current form, as composed by defendant's counsel. In this letter, plaintiff La Liberte sets out the problem, which is identified in my email of February 2, 2021 to Mr. Reichman, which is attached to him moving papers. We propose one solution in this letter brief, although there could be others.

    In plaintiff's initial disclosures, plaintiff gave a preliminary calculation of its special damages, which principally consisted of lost profits estimated at $1,043,114.69, based on the loss of continuing clients of the plaintiff's company, which is a pass-through entity. La Liberte owns and runs a business providing renovation, design and construction services to franchise businesses principally in the greater Los Angeles metropolitan area. In that community many of the franchise owners and their managers are minority/Hispanic. After defendant Reid published her tweets and posts falsely accusing La Liberte of racist conduct addressed to a 14-year old Hispanic boy, attracting a deluge of hostile criticism and notoriety, a bunch of her franchise customers, but not all of them, dropped La Liberte and her company like a hot cake. La Liberte was able to salvage some relationships by giving them assurances that they would not be dragged into the controversy

raised by the Reid publications or what came to be this litigation. Other customers just moved on. Some no doubt have no stomach for defending a business relationship with an accused racist. Others simply want to avoid attention and unwanted controversy. There are other franchise renovation, design and construction companies that can be engaged without publicity. Life, including life in business, is short.

Mr. Reichman objected to plaintiff's initial disclosures that were served on December 14, 2020 on the grounds that they did not spell out the details of special damages, did not attach invoices that plaintiff must have and did not do a calculation of *per se* damages. In its July 15, 2020 opinion, the Second Circuit held that the defamation claims in the first amended complaint supported an award of *per se* damages, which are presumed as a matter of law, and that plaintiff did not need to plead or prove special damages. *See La Liberte v. Reid,* 966 F.3d 79 (2d Cir. July 15, 2020). Some of this was raised with Your Honor at the initial conference on January 11, 2021, and you directed counsel to try to sort this out. Under clear authority of this District, *e.g., Cantu v. Flanigan*, 705 F. Supp.2d 220 (E.D.N.Y 2010), *per se* damages, are not "calculated," as that term is understood. Mr. Reichman's demand for a "calculation" could not be accommodated. But his objections about papering invoices and breaking out individual customers could be met, although it would be quicker, easier and cheaper to do so in response to ordinary discovery. Lin Wood and I decided that it was not worth the fight, so plaintiff made a supplemental initial disclosure submission on January 29, 2021. The supplemented disclosure broke out the various customers, but did not identify them.

Mr. Reichman has continued to press for the names and addresses of the lost customers, although at this juncture the only thing he can do with the names is to pursue them, presumably for its *in terrorem* value to threaten La Liberte's continuing customer base through the lost customers, who are in the same community, in every sense of the term. As I explained to Mr. Reichman in my February 2, 2021 email,

> To move matters forward, why don't you do a draft of a protective order that you are prepared to sign. One concern is that your client and its representatives will run amuck with our client's continuing business relationships. Hers is a tight community of franchisees and servicers. So messing with prior relationships of some standing is calculated to impact continuing ones. It doesn't take genius to appreciate that your client's labeling our client a racist doing racist things is highly likely to adversely affect her standing in a community of contractors and business people with a substantial population of Hispanic and other minorities.
> I will call you after I review your draft.
> Also, let me know if you have abandoned your position on calculation of per se damages in light of the applicable case authority. Fighting over the initial disclosures statement is not an efficient way to proceed.

In his letter brief, Mr. Reichman has apparently abandoned defendant's position concerning the "calculation" of *per se* damages. Mr. Wood's concern as expressed to Mr. Reichman was that the proposed Confidentiality Order, in the form admittedly pulled by defendant from some generic order her counsel found in some other case, is irrelevant to his legitimate fear that the former customers will be outraged by the violation of their privacy rights. I agree with that, but feel strongly that there is no reason at this juncture to involve them at all. No one could possibly think that La Liberte is continuing to do business with these folks, but concealing that fact in this litigation. The vector of harm is for defendant to go after them now, knowing that they will surely let their friends in the small community of franchisees know that La Liberte has gotten them involved in *her* litigation affairs with Joy Reid. Does it really make any difference whether these former customers show candor about their reasons for moving on, or simply slough it off? Whatever the case, this would "soft" testimony, with limited if any evidentiary value. The real value is the threat to La Liberte's continuing business.

Accordingly, we propose that, under a suitable order, plaintiff will provide the details of the former customers and their relevant prior contractual relationships with La Liberte and her company but that defendant's approach to any of these customers be deferred until after La Liberte is deposed and the defendant thereafter make some showing to Your Honor of a purpose for the depositions of these former customers. This could be done in a Confidentiality Order, which is what I had had in mind, or separately, which is what occurred to Mr. Wood.

Respectfully yours,

s/ David M. Olasov

David M. Olasov

cc. John Reichman, Esq.