

485 Madison Avenue, 7th Floor
New York, New York 10022
Tel: (212) 588-0540
Fax: (212) 202-484h0

David M. Olasov
Partner
646.583.5968 Direct Dial
dolasov@olasov.com

March 16, 2021

Honorable Vera M. Scanlon
Magistrate Judge,
United States District Court for the Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

    Re:  La Liberte v. Reid (1:18-cv-05398-DLI-VMS)

Dear Judge Scanlon:

    This letter brief is submitted on behalf of plaintiff Roslyn La Liberte (i) in opposition to the motion of defendant Joy Reid, made by the March 2, 2021 letter brief of John Reichman, to compel additional discovery to defendant's First Set of Interrogatories and First Set of Requests for Production and (ii) in support of plaintiff's cross-motion to dismiss or strike certain defenses asserted in defendant's Answer to the First Amended Complaint on the grounds that such defenses have been ruled upon and foreclosed by the Court of Appeals for the Second Circuit in its July 15, 2020 decision in *La Liberte v. Reid,* 966 F.3d 79 (2d Cir. July 15, 2020).  Because the parties have fully briefed defendant's demand for immediate disclosure of the names of lost customers, relating to plaintiff's special damages, La Liberte does not respond to Reid's reargument of that issue, and respectfully refers the Court to plaintiff's letter of February 12, 2021 for a correct statement of her position concerning the protection of her legitimate business interests while accommodating defendant's discovery.  Reid's citation on reargument of *Gertz v. Robert Welch, Inc.,* 418 U.S. 321 (1974) is completely off-point, because plaintiff has alleged and will prove defendant's actual malice in connection with presumed and punitive damages, the evidence for which, of course, will come from defendant herself.

    However, because we believe that defendant continues to misread and misconstrue the import of the Second Circuit's decision, as a predicate for wildly overbroad discovery demands, we beg Your Honor's indulgence to review the prior proceedings, which contains express holdings that are law of the case.  As the Court fully appreciates, by judgment dated September 30, 2019

this Court granted "in its entirety" defendant's motion to dismiss the amended complaint under Fed. R. Civ. Pro. 12(b)(6) and to "strike" the pleading under California's anti-SLAPP statute, Cal. Civ. Pro. Code §425.16 and granted defendant leave to seek attorneys' fees and costs pursuant to Cal. Civ. Pro. Code §425.16(c)(1).  This Court held that: (i) the plaintiff was a limited purpose public figure and that, accordingly, her claim for defamation as to a June 29, 2018 publication by the defendant be dismissed for failure to plead actual malice; and (ii) her claim for defamation as to defendant's July 1, 2018 publication be dismissed as non-actionable opinion.

By decision dated July 15, 2020, *La Liberte v. Reid,* 966 F.3d 79 (2d Cir.), the Court of Appeals for the Second Circuit vacated this Court's judgment and remanded the case for further proceedings consistent with the appellate court's opinion.  The Court of Appeals held, among other matters, that, as matters of law to be determined by the Court: (i) plaintiff was a private person and not a limited purpose public figure, (ii) as a private person, plaintiff need only prove negligence (and not actual malice) to recover for defamation and (iii) the July 1, 2018 statements alleged to be defamatory were not statements of opinion but provable assertions of fact and therefore actionable.  On August 7, 2020 defendant petitioned the Court of Appeals for the Second Circuit for rehearing, with a suggestion of rehearing *en banc*.  This petition was denied by order dated September 25, 2020.  The mandate of the Court of Appeals issued on October 2, 2020.  On remand, by order dated November 11, 2020, this Court denied defendant's motion for attorneys' fees and costs.

Defendant's answer was filed on October 30, 2020.  The answer reasserted each of the defenses on which the Second Circuit had ruled.  This was obviously highly problematic.  In an effort to deal with this problem, plaintiff sent defendant's counsel a letter on February 12, 2021 outlining the scope of the problem created by pleading defenses the Court has already rejected.  A copy of that letter is attached as Exhibit 1.  It identifies defenses that are no longer viable, and we respectfully refer the Court to that letter in order to avoid unnecessary repetition.

The Second Circuit's rulings that La Liberte is a private citizen and not a limited purpose public figure and that defendant's statements of July 1, 2018 were not nonactionable opinion, but "post [that] could be interpreted as accusing La Liberte of engaging in specific racist conduct, which is a provable assertion of fact and therefore actionable" are holdings.  Defendant is not free to attack such holdings collaterally by seeking discovery to relitigate the issues.  Defendant seeks discovery of all occasions from 2016 to date in which plaintiff expressed herself about any matter of public interest, not even limited to the California legislation that was discussed at the Simi Valley council meeting in June 2018.  *See, e.g.,* Interrogatories Nos. 2, 17 and Requests for Production Nos. 24, 31, 35, 36.  The opinion of the Second Circuit roundly rejected the proposition that participation at numerous civic events could make a citizen a limited purpose public figure.  "La Liberte was not a public figure on the matter in controversy, primarily because she lacked the regular and continuing media access that is a hallmark of public figure status."  Opinion, at 5.  As the Court observed,

> La Liberte plainly lacked such media access. The earlier photograph, which showed her conversing, was in a Washington

Honorable Vera M. Scanlon
March 16, 2021
Page 3

> Post photo spread of attendees at an SB 54 protest. The article did not name La Liberte, let alone mention her views. The single caption described everyone depicted as "[s]upporters and opponents of [SB 54] rally[ing] and debat[ing] outside Los Alamitos City Hall." (App. at 140-41.) Such incidental and anonymous treatment hardly bespeaks "regular and continuing access to the media."

Opinion, at 25. The Court dismissed the relevance of the kind of discovery defendant wants to have imposed on plaintiff:

> Nor does La Liberte's participation at city council meetings. La Liberte is said to have "testif[ied] eight times around the state" (Appellee's Br. at 26 (citing App. at 102-05)); but Reid does not identify instances in which the media singled out La Liberte's participation as newsworthy. Nor does speech, even a lot of it, make a citizen (or non-citizen) fair game for attack. Imposition of the actual malice requirement on people who speak out at government meetings would chill public participation in politics and community dialogue.

Opinion, at 26. Plaintiff should not be subjected to open-ended discovery. It does not matter how many times she showed up at one city council meeting or another to hear others' views or express her own about SB 54. Even more irrelevant is her participation in other public (or private) events involving other issues of public interest. (Defendant's letter brief footnotes a reference to a demonstration of the Oscar's in which La Liberte is shown being assaulted by a counterdemonstrator. That person was arrested. This does not have anything to do with this case, but, as with other footnotes in briefings by the defendant in this case, must have been thought too good to leave out.) The appellate court has resolved her status as a private citizen, and held that as a private citizen she need only plead and prove negligence, not actual malice.

The Second Circuit also resolved as a matter of law that Reid's July 1, 2018 statements "could be interpreted as accusing La Liberte of engaging in specific racist conduct, which is a provable assertion of fact and therefore actionable." Opinion, at 5. As the Court held, "A reader could have understood the July 1 Post as equating La Liberte's conduct with archetypal racist conduct, which is a provable assertion of fact, and therefore actionable." Opinion at 28. *See, generally,* discussion at Opinion, at 28 – 33. Notwithstanding that this ruling is made by the Court as a matter of law, defendant presses discovery from plaintiff in interrogatory no. 7 and request for production no. 9 concerning the allegation contained in the first amended complaint that "objective readers interpreted Reid's retweet as accusing La Liberte of being one of those who screamed racial obscenities at a minor during the City Council Meeting." Defendant cites a case for the proposition that a jury would have to decide whether a statement was actionable "if the statement is susceptible of both an innocent and a libelous meaning." But that is neither the issue resolved by the Court or the argument that defendant pressed in prior proceedings. Defendant maintained

Honorable Vera M. Scanlon
March 16, 2021
Page 4

that the statement was (merely) defendant's opinion and not a statement of fact at all.  She did not claim, and nothing the Second Circuit said would suggest, that on any reading of the July 1 statement it was amenable of an "innocent" meaning.  The only issue was whether it was offensive speech protected as "opinion" or offensive speech not protected as an allegation of provable fact.

   Finally, defendant makes the unwarranted assertion that plaintiff's responses indicate that La Liberte is withholding full disclosure on matters in which she gives a partial response.  Defendant chose to propound convoluted, corporatized discovery demands, with definitions and instructions that make unqualified response perilous.  Plaintiff lodged objections to the definitions and instructions.  Where it was feasible to discern a scope to such questions, La Liberte lodged the objections but provided an answer believed to be appropriate and responsive.  Plaintiff has no obligation to guess at what defendant is really looking for.

   Plaintiff stands on her objections.  Defendant said nothing in her moving papers to defend the definitions and instructions she cobbled together.  It would not be appropriate for Reid to try to do so, for the first time, in reply.  The discovery in which the parties are to engage must be "consistent" with the Court of Appeals' decision, which defendants' interrogatories and requests for production are not.  While plaintiff's reputation as a non-racist is an issue to be proved, defendant's discovery requests do not really address that issue, and are remote in time, place and not bounded by any consideration of proportionality.

   On plaintiff's cross-motion, which does not seek dispositive relief, we respectfully urge that the Court direct Reid to file an amended pleading in which she does not press defenses on which the Court directly, or by necessary implication, has ruled, as set forth in our February 12, 2021 letter to defendant's counsel.

            Respectfully yours,

             s/ David M. Olasov

             David M. Olasov

cc.  All Counsel of Record