

485 Madison Avenue, 7th Floor
New York, New York 10022
Tel: (212) 588-0540
Fax: (212) 202-4840

David M. Olasov
Partner
646.583.5968 Direct Dial
dolasov@olasov.com

February 16, 2021

**By Email**

John H. Reichman, Esq.
JOHNREICHMANLAW LLC
56 Oakwood Avenue
Montclair, New York 07043

    Re:  La Liberte v. Reid

Dear John:

    We offered to give you some guidance concerning the preclusive effect of the holdings of the Court of Appeals for the Second Circuit in *La Liberte v. Reid,* 966 F.3d 79 (2d Cir. July 15, 2020) (the "Decision") on further proceedings in the District Court on remand.  That of course encompasses both what defenses your client defendant Joy Reid no long retains and what discovery she is permitted to pursue at this juncture.  In telephone conferences you have more than once made the assertion that almost none of defendant's defenses have been compromised by the Second Circuit.  Your answer to plaintiff's first amended complaint is the source of the problem, because it was filed and served months after the Second Circuit's decision and order of July 15, 2020, and reasserts defenses that the Court of Appeals expressly rejected, in one case a defense – your defense no. 29 relating the Section 230 of the Communications Decency Act-- that both the Court of Appeals and the District Court rejected.

    Assuming that this letter brings you to recognize that defendant has a serious problem, we can discuss how to deal with it.  If you continue to be of the view that there is no problem, then I suppose that this will simply become one more thing over which we litigate.

John R. Reichman, Esq.
February 16, 2021
Page 2

In this letter we focus on preclusion without dwelling on the fact that you made two motions, one based on California law and another based on Fed. R. Civ P Rule 12(b)(6). Because you submitted evidentiary material on these motions, which both Courts received and evaluated, this letter is provided without waiver of positions that issue and fact preclusion is broader than what I address here. I am focusing on the low hanging fruit. Plaintiff therefore expressly reserves the right to argue issue or fact preclusion broader than what is set forth in this letter. I am also focusing on the defenses that you separately state, not ones that may be inferred by your client's answers to the allegations of the first amended complaint.

In numerical order:

First additional defense, failure to state a claim on which relief may be granted under Rule 12(b)(6), pleaded "to the extent" applicable. Obviously, the judgment of dismissal on that ground was reversed. A party can only make such a motion once, and therefore this defense must be withdrawn.

Second and ninth additional defenses, of protected speech. The Second Circuit holdings entail that your client's speech was not protected "constitutionally" or otherwise.

Fourth and fifth additional defenses, of no reasonable defamatory meaning and as statements of opinion. Both have rejected in the Second Circuit's decision that the publications stated matters that were capable of being established as true or false, and were therefore not protected "opinion."

Sixth and twenty-ninth additional defenses, as to the "republication defense," and the Communications Decency defense, the Second Circuit clearly held that the statements complained of in the first amended complaint were authored and published by Ms. Reid and therefore were in no sense "republications."

Tenth, eleventh and twelfth additional defenses, asserting that La Liberte is a limited purpose public figure, that malice would have to be pleaded and proved, the Second Circuit held as a matter of law that she was not a limited purpose public figure and therefore, she did not have to plead or prove malice to recover from Ms. Reid, and could recover upon proof of negligence.

Eighteenth and twentieth additional defenses, that plaintiff's claim is "barred" because she sustained "little or no damages for loss of reputation, shame, mortification, hurt feelings, or otherwise" and sustained no special damages are contrary to the express holdings of the Court of Appeals that *per se* damages were presumed as a matter of law on the claims asserted in the first amended complaint, and that plaintiff did not have to plead or prove special, or *per quod,* damages.

Twenty-ninth additional defense, relating to Section 230 of the Communications Decency Act, which is a defense that both the District Court and the Court of Appeals rejected.

John R. Reichman, Esq.
February 16, 2021
Page 3

      We have not bothered to quote from the Decision, since it is a short-enough read, and not in the least ambiguous about its holdings.  Let Lin and me know how and whether defendant intends voluntarily to do anything to correct these pleading errors.  Your motion practice is a matter of record and, if defendant Reid ever gets leave to appeal to the Supreme Court in this case, you have a record preserving your positions, in case that Court is willing to entertain your objections on the currently precluded issues.  But at this juncture, these defenses are no longer in the case, and you are not free to treat them for discovery or trial purposes as if they were.

                                              Sincerely,

                                              s/ David M. Olasov

                                              David M. Olasov

cc: L. Lin Wood, Esq.