**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

Client: 80602-00001

March 18, 2021

**VIA ECF**

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court - E.D.N.Y.
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

Re:   *La Liberte v. Reid*; 18-cv-5398 (DLI) (VMS)

Your Honor:

We write in opposition to Plaintiff Roslyn La Liberte's cross-motion to dismiss or strike certain defenses asserted in Joy Reid's Answer to the First Amended Complaint. Because the parties have fully briefed Ms. Reid's motion to compel discovery responses, and because reply briefs are prohibited with respect to letter motions, Ms. Reid focuses solely on the arguments raised with respect to Plaintiff's cross-motion to dismiss or strike (the "Motion").

This is a dispositive motion made under the guise of an informal discovery response. Plaintiff asks this Court, in response to a motion to compel, to preclude Ms. Reid from raising certain defenses, and to force Ms. Reid to file an amended pleading. If that is not a dispositive motion, it is difficult to discern what is. Your Honor's Individual Practice Rules require that dispositive motions be made to the presiding District Judge, and for good reason. *See* Rule III(c). Forcing Ms. Reid to strike certain defenses and file an amended pleading is not a decision that should be resolved based on dueling letter briefs. These are critical, determinative issues that will impact the trajectory of this case. As such, Plaintiff's Motion is procedurally improper. While Ms. Reid is willing to brief the issues raised therein, and while she briefly responds to those issues below, the proper way to address Plaintiff's concerns is through a motion fully briefed before the District Judge.

**The Second Circuit's Holdings at the Pleadings Stage Did Not Resolve This Case**

Plaintiff misstates what was resolved, and what was not resolved, by the Second Circuit's opinion in *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020). The Second Circuit's opinion was a review of a ruling on a motion to dismiss—it did not resolve this case. The Second Circuit expressly stated prior to making its findings that it was "construing the

**GIBSON DUNN**

Hon. Vera M. Scanlon, U.S.M.J.
March 18, 2021
Page 2

complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the [P]laintiff's favor." *Id.* at 85.

Thus, Ms. Reid is not precluded from contesting the Second Circuit's rulings to the extent they rest on factual findings. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (explaining the Federal Rules of Civil Procedure's "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims"). It is elementary that Ms. Reid would re-assert her defenses in her Answer and otherwise seek discovery related to them.

Plaintiff does not cite a single case for the proposition that defenses can be summarily disposed of on motions to dismiss when those defenses are grounded in disputed facts. Nor could she find one—this is exactly what discovery is for. *Friedland v. Richards*, No. 11-CV-5604, 2012 WL 7749160, at *4 (E.D.N.Y. Oct. 26, 2012) (observing that while a plaintiff had a "plausible claim," "[a]t a later stage [d]efendant may be able to offer facts" supporting his position). Plaintiff's efforts to impede Ms. Reid from defending this case by improperly characterizing the Second Circuit's pleadings-stage opinion are transparent and without merit.

## Ms. Reid is Not Precluded From Arguing Plaintiff is a Limited Public Figure

Plaintiff argues Ms. Reid is precluded from arguing Plaintiff is a limited public figure. Based on the papers before it, and accepting Plaintiff's allegations as true, the Second Circuit found Plaintiff "lacked the regular and continuing media access that is a hallmark of public-figure status." *La Liberte*, 966 F.3d at 83. As such, the court found Plaintiff did not need to plead Ms. Reid acted with actual malice in her complaint, but that is *all* the Second Circuit found. Indeed, the court's finding was that Plaintiff "was not required to ***allege*** that Reid acted with actual malice. . . ." *Id.* (emphasis added).

Ms. Reid is not precluded from arguing that Plaintiff is a limited purpose public figure based upon additional information revealed during discovery. For example, to the extent Ms. Reid uncovers evidence during discovery that Plaintiff did in fact have "regular and continuing access to the media," the court may very well find that Plaintiff is a limited public figure, and that she must prove actual malice.

## Plaintiff Must, At a Minimum, Prove Actual Malice *or* Actual Damages

Plaintiff contends she need not prove actual malice because the Second Circuit found she is a private figure. Despite this, Plaintiff simultaneously says she will prove actual malice to overcome the Supreme Court's ruling in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) that damages can be presumed only where actual malice is proven. *See id.* at 349

**GIBSON DUNN**

Hon. Vera M. Scanlon, U.S.M.J.
March 18, 2021
Page 3

("States may not permit recovery of presumed or punitive damages . . . when liability is not based on a showing of [actual malice]."). This, Plaintiff perplexingly asserts, means Ms. Reid must drop her affirmative defenses pertaining to *both* actual malice and actual damages.

Nothing in the Second Circuit's opinion forecloses the need for Plaintiff to prove actual malice—indeed, Plaintiff admitted she needed to and would endeavor to do so. And if a jury finds Plaintiff does not prove actual malice, the actual damages inquiry is undeniably relevant to Plaintiff's claim. Either Plaintiff proves actual malice and stands on presumed damages, or she fails to meet that burden and actual damages become crucial. "[D]efamation plaintiffs who do not prove [actual malice]" must be "restrict[ed] . . . to compensation for actual injury." *Id.*

Even if Plaintiff successfully proves actual malice and relies on presumed damages, the actual damages defense is still relevant. Even where damages are presumed, courts consider evidence of actual damages to determine whether the amount of damages awarded is proportional to the injury suffered. *See, e.g.*, *Weller v. Am. Broadcasting Cos., Inc.*, 232 Cal. App. 3d 991, 1014 (1991) (noting the "failure to prove special damages may be a factor in concluding that damages [awarded] . . . are excessive"). Moreover, to the extent any portion of Plaintiff's injury was caused by Ms. Reid's nonactionable, constitutionally protected speech, she must quantify the injury that resulted wholly apart from those nonactionable statements. *See, e.g.*, *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 918 (1982) (holding that states "may not award compensation for the consequences of . . . protected activity" and that "[o]nly those losses proximately caused by unlawful conduct may be recovered"). These First Amendment concerns were simply not before the Second Circuit. As such, they could not and, at that phase, did not need to opine on them.

**The Second Circuit's Finding Regarding Nonactionable Opinion Does Not Foreclose Defenses Based on How Ms. Reid's Statements Were Actually Understood**

Plaintiff correctly observes that the Second Circuit found Ms. Reid's July 1, 2018 post was not nonactionable opinion as a matter of law. *See La Liberte*, 966 F.3d at 84. Specifically, the court found Ms. Reid's statements "could be" interpreted as accusing Plaintiff of engaging in racist conduct. *Id.* The court did not, however, determine how a reasonable viewer did in fact interpret Ms. Reid's post.

Ms. Reid is not precluded from asserting defenses grounded in the public's actual understanding of her social media posts. To the extent the public did not understand the posts to have the defamatory meaning Plaintiff ascribes to them, Plaintiff almost certainly suffered no harm. Ms. Reid expressly asserted this argument as her fourth separate and additional defense in her Answer. Whether Ms. Reid made this argument at the motion to

GIBSON DUNN

Hon. Vera M. Scanlon, U.S.M.J.
March 18, 2021
Page 4

dismiss stage is irrelevant—the defense has been preserved, and Ms. Reid is entitled to raise it later.

      The Court should strike Plaintiff's Motion as procedurally improper and direct her to file any similar dispositive motion before the District Judge.  In the alternative, the Court should deny Plaintiff's Motion and direct Plaintiff to provide discovery relevant to her claims and Ms. Reid's defenses.

Respectfully Submitted,

*/s/ Theodore J. Boutrous Jr.*

Theodore J. Boutrous Jr.

cc:  All counsel on ECF