# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

Client: 80602-00001

April 6, 2021

**VIA ECF**

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court - E.D.N.Y.
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

Re:    *La Liberte v. Reid*; 18-cv-5398 (DLI) (VMS)

Your Honor:

We write with respect to Your Honor's March 31, 2021 order that the parties submit alternative versions of their proposed protective orders by today's date. A clean version of Defendant Joy Reid's proposed protective order is attached hereto as **Exhibit A**. A redlined version of the same document, showing the differences between Plaintiff's proposed protective order and Ms. Reid's proposed protective order, is attached hereto as **Exhibit B**.

The parties' dispute over the protective order concerns a single paragraph, Plaintiff's proposed Paragraph 18, which states:

> 18) **Special Provisions as to Plaintiff's Customers.** No Receiving Party may use Confidential Information concerning the identities of existing or former customers of Plaintiff or her affiliated company and their business with Plaintiff and her affiliated company to contact any such customers, prior to the deposition of Plaintiff, absent the written consent of Plaintiff or her counsel or the further order of this Court, upon 14 days' notice to Plaintiff and an opportunity to be heard with respect thereto.

Ex. B ¶ 18. Plaintiff's insistence on the inclusion of this language is wrong both procedurally and substantively. It is also directly contrary to this Court's ruling during the March 24, 2021 hearing. After Plaintiff raised this *exact issue* during the March 24 hearing, Your Honor ordered Plaintiff to disclose these names and documents related to her initial disclosures without the hurdles Plaintiff now seeks to impose. *See* 3/24/21 Hr'g Tr. at 23, 25 (stating that "[s]tep one is the initial disclosures" and that after that "we're going to put a follow up conference to see what's left from [the] discovery disputes"); *id* at 22 ("on plaintiff's side . . . you should expect to make the complete production by the 16th of April"). Thus, as this

Court already found, Plaintiff does not have the authority to dictate the order of Ms. Reid's discovery, or her access to unrelated third parties who have pertinent information.

The provision Plaintiff seeks to include is meritless for numerous other reasons. To begin with, Plaintiff has not explained how information about former customers is even confidential. Further, Plaintiff put the actions of her former customers front and center in this case. The heart of Plaintiff's damages case is that certain customers, whom Plaintiff still has not identified, allegedly stopped doing business with Plaintiff as a result of Ms. Reid's social media posts. Ms. Reid has the right to challenge whether those customers *actually* stopped doing business with Plaintiff and, if so, the reason why.

Plaintiff's deposition will only provide limited, second hand, and biased information about why these former customers stopped doing business with her— only those customers know and can provide admissible evidence on that topic. Plaintiff also does not know what these customers thought of her *before* Ms. Reid's challenged social media posts—again, only those customers know and can provide admissible evidence on this topic.

Put simply, Plaintiff does not get to file this action and simultaneously prevent Ms. Reid from defending it. Inclusion of Plaintiff's proposed Paragraph 18 would do just that. This Court should grant Ms. Reid's version of the proposed protective order, Exhibit A.

Respectfully Submitted,

*/s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous Jr.

cc: All counsel on ECF