UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSLYN LA LIBERTE,<br><br>Plaintiff,<br><br>JOY REID,<br><br>Defendant. | Civil Action No. 1:18-cv-05398 (DLI-JRC)<br><br>**DECLARATION OF<br>DR. BERNARD J. JANSEN<br>IN SUPPORT OF PLAINTIFF'S<br>MOTION TO COMPEL<br>DISCLOSURE** |

**INTRODUCTION**

I, Bernard J. Jansen, pursuant to 28 U.S.C. §1746, hereby declare, verify and state that:

1. I currently serve as Principal Scientist, Qatar Computing Research Institute, Hamid Bin Khalifa University, Doha, Qatar. I am also a Professor at the College of Science and Engineering, Hamad Bin Khalifa University, Doha, Qatar and am an Adjunct Professor at the College of Information Sciences and Technology, The Pennsylvania State University, University Park, Pennsylvania.

2. Prior to my appointment as professor at Hamid Bin Khalifa University in 2017, I advanced from Lecturer to Assistant Professor to Associate Professor to Full Professor in the College of Information Sciences and Technology at The Pennsylvania State University between 2001 and 2016. Also, during that period, from 2011 to 2014, I served as University Researcher for the National Ground Intelligence Center, Charlottesville, Virginia and, from 2010 to 2012, and as Senior Fellow, Pew Internet and American Life Project, Pew Research Center, Washington, D.C.

3. I received my B.S. in Computer Science from the United States Military Academy, West Point, New York, in 1985, my M.S, in Computer Science from Texas A&M University, College Station, Texas, in 1996, and my Ph.D. in Computer Science from Texas A&M University in 1999. I have authored or co-authored approximately 300 articles on topics dealing with the Internet in a wide range of journals and conferences, and I have authored or co-authored four books relating to Internet issues. Among my current research interests is social media as an information source. I am highly familiar with social media platforms, including Twitter, Facebook, and Instagram.

4. I have been advised by counsel for plaintiff Roslyn La Liberte (Ms. La Liberte) of the following:

- On June 29, 2018, defendant Joy Reid (Ms. Reid) retweeted a post about Ms. La Liberte from the Twitter account of Alan Vargas.

- On June 29, 2018, Ms. Reid posted an Instagram post about Ms. La Liberte[1].

- On July 1, 2018, Ms. Reid posted a Facebook post and an Instagram post about Ms. La Liberte[2].

- On July 2, 2018, Ms. Reid removed from her Twitter account said retweet[3], deleted from her Facebook account said post, and deleted from her Instagram account said posts.

---

[1] It appears that Ms. Reid's post was a regram (i.e., a posting of someone else's post in Instagram). See Deposition of Joy-Ann Reid, dated 16 August 2021. See: https://blog.hootsuite.com/how-to-regram/

[2] It appears that Ms. Reid has her Instagram and Facebook accounts linked, so Instagram posts are (can) be directly posted to Facebook. See Deposition of Joy-Ann Reid, dated 16 August 2021. See: https://help.instagram.com/176235449218188

[3] It appears that Ms. Reid used the Twitter 'undo' feature, which basically deletes the retweet from her Twitter account. See Deposition of Joy-Ann Reid, dated 16 August 2021. See: https://help.twitter.com/en/using-twitter/retweet-faqs

**MY PRESENT ASSIGNMENT AND SUMMARY OF OPINIONS**

5. I have further been advised by the plaintiff's counsel that Ms. Reid has taken the positions that:

    a) she could not have readily preserved the one retweet or the three social media posts and their related engagement metrics; or

    b) her means of preserving that retweet and those posts, along with their related engagement metrics, were simply identical to the means available to plaintiff or plaintiff's attorneys before Ms. Reid deleted those posts and their related engagement metrics.

6. Plaintiff's counsel has asked me specifically to research, among other things, whether either of these positions is valid.

7. For the reasons given below, I conclude with scientific certainty that these are not valid positions. They are both incorrect and/or inaccurate given that, as the account holder, Ms. Reid could have taken steps to preserve the social media posts, including the retweet. Specifically, Ms. Reid could have archived the posts and related engagement metrics rather than deleting them. This archiving is addressed in each social media platform's help/support center literature (Facebook, Instagram, Twitter), so archiving is readily available to any social media account holder. Archiving of Ms. Reid's social media posts is <u>not</u> available to the plaintiff or plaintiff's attorneys. For the convenience of the Court and the parties, I have attached as an exhibit to this declaration printouts of the online literature to which I refer.

8. I have also drawn additional conclusions, stated below, with respect to certain related questions put to me.

**TERMS, DEFINITIONS, AND CONVENTIONS**

9. For the guidance of the Court and the parties, it may be helpful for me to define certain terms that are in common use in discussing the social media platforms at issue or are adopted as conventions in my declaration to facilitate the reader's understanding.

- **Archiving** is how a subscriber's social media entries and associated metrics and content can be preserved for future access but are taken down or removed from public view.

- **Posts** are content submitted by subscribers to their social media accounts on platforms such as Facebook, Instagram, and Twitter.

- **Engagement:** a measure of the interaction with online content, typically using metrics such as the number of followers, shares, likes, or comments, among others.

- **Retweets** are the means by which Twitter subscribers share tweets on their own accounts that other Twitter subscribers have posted to their Twitter accounts.

- **Sharing:** one can share content posted by others on the same social media platform. On Twitter, sharing another's content is known as 'retweeting.'

- **Social Media Analytics**: the measurement, collection, analysis, and reporting of information about engagements with posts or a social media account. Such information facilitates the evaluation of the impact, positive or negative, of the subscriber's posts and other social media activity. If an entry is deleted, its engagements, interactions, and other analytics or metrics are lost unless previously saved.

- **Tweets** are posts made by a Twitter subscriber to his or her Twitter account.

## SOCIAL MEDIA ARCHIVING

10. Each of the three social media platforms in question provides <u>the subscriber and only the subscriber</u> (a.k.a., user) a means to archive the subscriber's posts and the content and analytics related to these posts.

11. Archiving posts on any of the social media platforms can only be accomplished by the subscriber or someone given access to the subscriber's social media account. This restriction is because each platform, as part of its archiving protocol, requires the entry of the subscriber's password, and some platforms require the entry of an authentication code number.

**Archiving on Facebook**

12. Seven steps are required for a subscriber to archive (a.k.a., download) her Facebook posts and associated engagement metrics[4].

  1) "Click account in the top right of Facebook."

  2) "Select Settings & Privacy, then click Settings."

  3) "In the left column, click Your Facebook Information."

  4) "Next to Download Your Information, click View."

  5) "To add or remove categories of data from your request, click the boxes on the right side of Facebook."

---

[4] These steps are set forth in the following Facebook link: https://www.facebook.com/help/212802592074644

5

6)   "Select other options, including:"

7)   "The format of your download request."

8)   "The quality of photos, videos and other media."

9)   "A specific date range of information. If you don't select a date range, you'll request all the information for the categories you've selected."

**Archiving on Instagram**

13.   Four steps are required for a subscriber to archive her Instagram posts with associated engagement metrics [5].

1)   "Tap or your profile picture in the bottom right to go to your profile."

2)   "Tap the post you'd like to archive."

3)   "Tap (iPhone) or (Android) in the top right."

4)   "Select Archive."

**Archiving on Twitter**

14.   Eight steps are required for a subscriber to archive her Twitter posts and associated engagement metrics [6] [7].

1)   "Go to your Account settings by clicking on the more icon in the navigation bar, and selecting Your account from the menu."

---

[5] These steps are set forth in the following Instagram link: https://help.instagram.com/136706673552668
[6] These steps are set forth in the following Twitter link: https://help.twitter.com/en/managing-your-account/how-to-download-your-twitter-archive
[7] The Twitter archive includes retweets. See: https://blog.twitter.com/en_us/a/2012/your-twitter-archive

2) "Click on Download an archive of your data."

3) "Enter your password under Download an archive of your data, then click Confirm."

4) "Verify your identity by clicking Send code to your email address and/or phone number on file. If you do not have an email address or phone number on file, you will be redirected to the Account information page."

5) "Enter the code sent to your email address and/or phone number."

6) "After verifying your identity, click the Request data button. If your Twitter account is connected to Periscope, you'll have the option to request an archive of your Periscope data on Periscope directly."

7) "When your download is ready, we'll send an email to your connected email account or a push notification if you have the app installed. From your settings, you can click the Download data button under the Download data section."

8) "Once you receive the email, click the Download button while logged in to your Twitter account and download a .zip file of your Twitter archive."

**THE AVAILABILITY OF INFORMATION AFTER DELETION**

15. With the limited exception of Facebook, which provides a brief, 30-day retrieval period[8], when the subscriber deletes entries on her social media accounts (e.g., Twitter and Instagram), the posts are forever unavailable to the subscriber and anyone not employed by those platforms. That is also true of the associated engagement analytics and comments on these posts.

---

[8] See: https://www.facebook.com/help/284581436192616

**SUMMARY OF OPINIONS**

16.     As stated above, I have been advised that defendant Ms. Reid has taken the positions that: (a) she could not have readily preserved those social media entries and their related engagements, interactions, analytics and metrics before she eliminated them; or (b) her means of preserving those entries, along with their related analytics were simply identical to the means available to plaintiff or plaintiff's attorneys before defendant Reid deleted those entries.

17.     These positions are both incorrect and/or inaccurate, as Ms. Reid could have archived these posts as one option[9].

18.     Specifically, archiving the defendant's social media accounts was not an option available to the plaintiff or anyone else who did not have the defendant's account passwords or access to the codes required for the archiving process.

19.     Otherwise, the plaintiff or her counsel would have had to take single-image screenshots, click 'save as' on each entry to be preserved of each individual post and the pages of comments on each post.

20.     Also, to access other engagement metrics (e.g., such as the number of followers of each person who retweeted or shared Ms. Reid's post), the plaintiff or her counsel would again have to click on the account name of each person who shared or commented on the post and again click 'save as'.

21.     Another option, other than this manual method, plaintiff or her counsel would have had to develop and use scripts (i.e., computer programs) to retrieve and store the data.

---

[9] Although I focus on specifically on archiving the posts, there are perhaps other methods on each of the social media platforms that Ms. Reid could have employed. For example, on Facebook, one can 'hide' a post (i.e., make it visible to no one but the account holder). This would, in effect, have both taken down the post and preserved the post, as does archiving. See https://www.pcmag.com/how-to/quickly-delete-old-facebook-posts

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

DATED: December 19, 2021

Dr. Bernard J. (Jim) Jansen
Adjunct Professor
College of Information Sciences and Technology
The Pennsylvania State University
University Park, PA, 16802
Phone: 434-249-8687
Email: jjansen@acm.orq
URL: http://www.bernardjjansen.com/