**Ronald P. Mysliwiec**
ATTORNEY AT LAW
530 Third Street
Brooklyn, NY 11215-3003

Direct  718.768.4581
E-mail  rpm@rpmlawny.com

January 6, 2022

Honorable James R. Cho
Magistrate Judge,
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

    Re:  La Liberte v. Reid (1:18-cv-05398-DLI-JRC)

Dear Judge Cho:

    As you know I am co-counsel, with Olasov, LLC, for plaintiff herein and write to advise the Court that its intervention will almost certainly be required at some point during plaintiff's deposition of former MSNBC President Phil Griffin tomorrow, January 7. The deposition is scheduled to commence at 10:30 am.

    Specifically, the Court's intervention will be required because Mr. Griffin's counsel has yesterday threatened to end the deposition at any point if, in his view, Mr. Olasov asks the witness questions seeking to invade alleged privileged communications. Mr. Griffin's counsel has stated that in his view, such questions are, for reasons he has never explained to anyone, "improper" and constitute a "clear violation of [Mr. Olasov's] ethical obligations." (See attached 1/5/22 email Boutrous to Olasov.)

    Plaintiff's fears are not over stated. At the December 16, 2021 deposition of NBC Universal publicist, Lorie Ann Acio, conducted by me, this same attorney instructed Ms. Acio not to answer my questions 15 times. He called any questions which he deemed to invade the attorney-client privilege: "improper" (Acio Tr. 16), "inappropriate" (Acio Tr. 15, 16, 17, 55 & 56.), and even "unethical" (Acio Tr. 55). He threatened me with

consequences if I continued such line of questions, although he could not, when asked, specify the form of punishment or relief he intended to seek. (Acio Tr. 55-57.)

It is certainly true that the parties have different views as to whether certain communications, especially on July 2, 2018, are covered by the attorney-client privilege or whether they come within the crime-fraud exception to that privilege. In their recent three-page response to plaintiff's December 23, 2021 motion to compel, defendant Reid and NBC Universal have made reference to the "probable cause" standard applied in this District to applications made to the Court for in camera review of documents alleged to be privileged. Plaintiff stands ready, and is both able and eager, to join issue on that very point.

Nonetheless, until the question of whether the attorney-client privilege applies to the communications at issue is finally resolved by judicial intervention, plaintiff has every right to make a record by asking deposition questions relating to those questions. Such questions are in no way "improper", "inappropriate" or "unethical" and any suggestion that they are is frivolous in the extreme. (A LexisNexis sweep of all federal court decisions, nationwide, using the phrase "unethical deposition question" yields no responsive cases; not one, zero.)

Respectfully submitted,

Ronald P. Mysliwiec

Attachment

cc: All Counsel (by ECF)