UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROSLYN LA LIBERTE,                                 :
                                                   :
                        Plaintiff,                 :        **MEMORANDUM AND ORDER**
                                                   :        **ADOPTING**
            -against-                              :        **REPORT & RECOMMENDATION**
                                                   :        **18-cv-5398 (DLI)(JRC)**
JOY REID,                                          :
                                                   :
                        Defendant.                 :
------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On September 25, 2018, Roslyn La Liberte ("Plaintiff") initiated this action pursuant to the

Court's diversity jurisdiction under 28 U.S.C. § 1332(a) asserting a state law claim for defamation

against Joy Reid ("Reid" or "Defendant"), a journalist for MSNBC, in light of her posting

allegedly false information about Plaintiff on social media. *See*, Compl., Dkt. Entry No. 1.  On

November 17, 2018, Plaintiff amended the complaint after receiving leave from the Court. *See*,

Am. Compl., Dkt. Entry No. 16; *See also*, Electronic Order dated November 21, 2018.

On December 14, 2022, Plaintiff moved for leave to file a Second Amended Complaint

adding two new defendants, NBCUniversal Media, LLC ("NBCUniversal") and MSNBC Cable,

LLC ("MSNBC") (collectively, "NBCU"), Reid's employers.[1] *See*, Second Motion to Amend

("Pl.'s Mot."), Dkt. Entry No. 156. Reid opposes the motion on the grounds that the proposed

amendments are untimely, prejudicial, and futile. *See*, Def.'s Resp in Opp. to Pl.'s Mot. to Amend

("Def.'s Opp."), Dkt. 158.  Plaintiff replied. *See*, Pl.'s Reply ("Reply"), Dkt. Entry No. 159.  This

---

[1] On December 28, 2021, Plaintiff served the motion to amend. *See*, First Mot. to Amend, Dkt. Entry No. 121. However, Plaintiff requested to withdraw this motion without prejudice hoping to settle this matter, which request was granted. *See*, Notice Withdrawing Mot., Dkt. Entry No. 147; *See also*, Electronic Order dated July 5, 2022.

motion was referred automatically to the Honorable James R. Cho, United States Magistrate Judge of this Court, pursuant to the Court's Individual Rules.

On August 18, 2023, the magistrate judge issued a report and recommendation ("R&R") recommending that the Motion be denied.[2] *See*, R&R, Dkt. Entry No. 164.  On August 31, 2023, Plaintiff timely objected to the R&R and, on September 14, 2023. Pl.'s Objs., Dkt. Entry No. 165. Defendant timely responded. Def.'s Resp. to Pl.'s Objs. ("Resp."), Dkt. Entry No. 166.  For the reasons set forth below, Plaintiff's objections are overruled, the R&R is adopted in its entirety, and Plaintiff's motion to amend the First Amended Complaint is denied in its entirety.

## LEGAL STANDARD

### I.       Standard of Review of R&R

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects.  *See*, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted).  Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party makes only conclusory or general objections, or simply relitigates [her] original arguments, the Court reviews the [R&R] only for clear error."  *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations omitted).  On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to

---

[2] The Court assumes the parties' familiarity with the facts and procedural posture of this case as detailed in the R&R and will refer to only those facts necessary for resolution of the objections to the R&R.

raise…arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).

Nonetheless, a court will not "ordinarily…consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation omitted); *See, Ferreira v. Carranza*, 2022 WL 34610, at *2 (E.D.N.Y. Jan. 4, 2022) ("'In this circuit, it is established law that a district judge will not consider new arguments raised in objections to [an] [R&R] that could have been raised before the magistrate but were not.'") (quoting *United States v. Gladden*, 394 F. Supp.3d 465, 480 (S.D.N.Y. 2019)).

Separately, when there is no objection "to a magistrate judge's recommendation, [it] is reviewed, at most, for 'clear error.'" *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).  After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

**II.     Legal Standard for Amendment of the Complaint**

Where a party seeks to amend a complaint after the period to amend as a matter of course has passed and the opposing party does not consent to amendment, Fed. R. Civ. P. 15 ("Rule 15") requires that the party obtain leave to amend from the Court.  *See*, Rule 15(a)(2). Under Rule 15, a court "should freely give leave when justice so requires." *Id*.  However, granting such leave is in the district court's discretion and it is well established that a court may deny leave to amend

under Rule 15 "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *See, McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Where a party seeks to amend after the deadline set in a scheduling order to do so has expired, Rule 15's lenient standard, providing that courts should grant leave to amend "freely," must be "balanced against" the more demanding standard set forth in Fed. R. Civ. P. 16 ("Rule 16"), which provides that scheduling orders "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). Thus, a party seeking leave to amend after the deadline must establish "good cause" to do so under Rule 16 and "satisfy the requirements of Rule 15(a) to be granted leave to amend." *Speedfit LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at * 2 (E.D.N.Y. Oct. 19, 2015) (internal citations omitted).

Significantly, a finding of "'good cause' depends on the diligence of the moving party." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Guity v. Uniondale Union Free Sch. Dist.*, 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014). While diligence is the "primary consideration," a court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the] defendant[.]" *Kassner*, 496 F.3d at 243-44.

It is well established that a district court may deny leave to amend "after the deadline set in the scheduling order where the moving party has failed to establish good cause[.]" *Parker*, 204 F.3d at 340. Moreover, even where "good cause" is shown, a court may deny leave to amend

4

under Rule 15 for "good reason," which, as noted above, includes futility, undue delay, bad faith, and prejudice. *See, e.g., Agoliati v. Block 865 Lot 300, LLC*, 2021 WL 3193239, at \*2 (E.D.N.Y. Apr. 20, 2021), *R&R adopted*, 2021 WL 3188397 (E.D.N.Y. July 27, 2021). Notably, if the applicable statutes of limitations would bar a party's proposed amendments, the proposed amendments should be denied as futile under Rule 15(a), unless they "relate back" to the date of the original pleading, as defined by Rule 15(c)(1). *See,* Rule 15(c)(1)(A)-(C); *Zeng v. Chell*, 2022 WL 624873, at \*10 (S.D.N.Y. Mar. 1, 2022). The party opposing amendment bears the burden of establishing "good reason" for denial on any of Rule 15's grounds. *Speedfit LLC*, 2015 WL 6143697, at \*3.

## DISCUSSION

The magistrate judge recommended that the Court deny Plaintiff's motion because: (1) Plaintiff failed to show good cause to add related claims against NBCU; (2) the proposed related claims against NBCU are futile; and (3) Plaintiff failed to show good cause to add unrelated claims against NBCU. *See*, R&R 3-22. Defendant did not object to the R&R. Plaintiff objects to the magistrate judge's findings that: (1) Plaintiff's motion failed to demonstrate good cause and was untimely; and (2) "Plaintiff has no direct rights as a third-party beneficiary under the agreement by NBC Universal and MSNBC to indemnify and defend Reid in connection with the claims of plaintiff La Liberte against Reid in this case."[3] *See*, Pl.'s Objs. 4-17.

As an initial matter, Plaintiff contends that the magistrate judge has engaged in "inexplicable cooperation" with Defendant because the magistrate judge has denied discovery regarding an indemnification agreement running from NBC Universal and MSNBC to Reid. *See*, Pl.'s Objs. at 2. Plaintiff's unfounded, frivolous and vexatious contention is a serious accusation

---

[3] Plaintiff categorized her objections within these two categories, and the Court notes that some of Plaintiff's contentions overlap between the two categories.

attacking the fundamental principles of objectivity and neutrality that are at the heart of our system of justice. Judges resolve cases and controversies. Thus, at its core, our system of justice is adversarial. This very simply means that one party necessarily prevails and the other necessarily loses. Plaintiff's remarks smack of sour grapes by a sore loser lacking the grace to accept that, over the course of this case, some rulings went against her. Importantly and pertinently, the Court finds no evidence for Plaintiff's specious contention and concurs with the magistrate judge's astute legal and factual analysis underlying his decision to deny the discovery at issue. *See*, Transcript of June 14, 2022 Conf., Dkt. Entry No. 146. Significantly, Plaintiff could have, but has not, appealed the denial of such discovery. *See*, *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp.2d 399, 403 (E.D.N.Y. 2011) (explaining that litigants can appeal a magistrate judge's discovery rulings to the district court). These derogatory and unfounded remarks are unprofessional to say the least. Plaintiff's counsels are cautioned that such disingenuous, unfounded, and inappropriate accusations may violate New York State Rules of Professional Conduct 8.4(c), (d), and (h), and are on notice that the Court will not tolerate the making of any such unfounded allegations in the future, which may result in the imposition of sanctions.

## I.    Plaintiff's First Objection – Good Cause & Timeliness of Amended Pleading

Plaintiff first objects to the magistrate judge's conclusion that it failed to show good cause to permit amendment after the July 30, 2021 deadline to amend had expired. *See*, Pl.'s Objs. at 4-9. Plaintiff contends that several findings by the magistrate judge underlying these conclusions are erroneous since Plaintiff demonstrated diligence and was timely by any measure. *Id*.

The parties correctly agree that Federal Rule of Civil Procedure 16 provides the governing standard for filing an amended complaint at this juncture because the magistrate judge granted the parties' request to set July 30, 2021 as the deadline for amending the pleadings and/or the joinder

of parties.  *See*, Pl.'s Objs. at 7-8; Def.'s Resp. at 6-12; *See also*, Electronic Order dated July 22,

2021. Notably, it was Plaintiff who suggested the July 30, 2021 deadline. *See*, R&R at 3.

As discussed above, Rule 16 permits a party to seek modification of a scheduling order

"only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether good cause

exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.

2009). A party has not acted diligently when the information upon which the proposed amendment

was based was known or should have been known by the party in advance of the deadline sought

to be extended.  *See, Parker*, 204 F.3d at 340-41; *See also*, *Ahmed v. Astoria Bank*, 2015 WL

4394072, at *2 (E.D.N.Y. July 16, 2015).  Here, Plaintiff's contention that the magistrate judge

erred in this regard is unavailing.

Plaintiff's contention that she acted diligently in seeking the second amendment simply

regurgitates the same arguments presented in the motion to amend before the magistrate judge.

*Compare*, Pl.'s Mot. at 6-8 *with*, Pl.'s Objs. at 4-6. This fails to comport with the purpose of

objecting to a magistrate judge's report and recommendation.[4] *See, Rolle*, 2014 WL 4662267, at

*1. Second, Plaintiff contends that the October 29, 2021 disclosure of NBCU's February 2021

engagement letters with Defendant's counsel "changed everything" because the letters

"conclusively prove that NBC Universal and MSNBC were indemnifying and defending defendant

Reid from at least those dates forward. *See*, Pl.'s Objs. at 5-6. However, the allegations set forth

in the Complaint and First Amended Complaint are sufficient to input knowledge to Plaintiff of

this indemnification or possible indemnification. *See*, Compl.; *See also*, Am. Compl. In addition,

---

[4] While the Court could apply a clear error standard to Plaintiff's objections since she is attempting to relitigate her
original arguments, the Court will apply a *de novo* standard throughout this decision out of an excess of caution.

knowledge also would be imputed to her through her attorneys because of their email communications with these entities on these issues as far back as July 2, 2018. *See*, R&R at 9.

The magistrate judge noted multiple instances where Plaintiff "possessed sufficient information from the outset of the case to assert claims against NBCU, even if [she] believes that discovery revealed additional evidence to bolster her proposed claims." *See*, R&R at 9. Indeed, Plaintiff: (1) described Reid's employer as MSNBC in the Complaint; (2) acknowledged in her motion to amend that NBCU had been involved in the matters being litigated here since July 2018; and (3) had her counsel communicate with in-house NBCU counsel concerning Reid's apology posts and the removal of the subject social media posts. *Id*. at 9-10.

Additionally, as noted in the R&R, *respondeat superior* is not a novel legal theory. *Id*. at 10. The issue regarding vicarious liability through *respondeat superior* is premised upon whether the tortious conduct (*i.e.*, the social media postings) was committed within the scope of the actor's employment. *See*, *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933 (1999). Thus, the magistrate judge correctly reasoned that the issue is not whether NBCU is paying Plaintiff's legal costs now, but rather whether "the subject social media posts were made at NBCU's direction, supervision or control or within the scope" of her employment. *See*, R&R at 11. The Court concurs with the magistrate judge and Defendant that nowhere in the record before the Court has Plaintiff established that any belated disclosure helps demonstrate that NBCU exercised any direction, control, or supervision over the subject posts. *Id*. at 11-12, 21; *See also*, Def.'s Resp. at 8-10.

Finally, courts also may consider factors such as prejudice when assessing good cause. *See*, *Kassner*, 496 F.3d at 244. While Plaintiff contends that Gibson Dunn's representation in this matter alleviates any potential prejudice since they have been connected to this case since October 2020 and no discovery will be needed, the Court disagrees. *See*, Pl.'s Objs. at 14-15. The magistrate judge correctly notes that NBCU would be entitled to conduct its own discovery. *See*, R&R at 12.

8

Additionally, Gibson Dunn has indicated that NBCU would file its own motion to dismiss, which would further delay resolution of this five-year-old case. *See*, Def.'s Resp. at 11.  Thus, the Court concurs with the magistrate judge that prejudice would result against the named defendant. *See*, R&R at 12. Even if there were no prejudice, the absence thereof alone is not sufficient to satisfy the good cause requirement of Rule 16(b). *See, Hadid v. City of New York*, 182 F. Supp.3d 4, 9 (E.D.N.Y. 2016). Accordingly, Plaintiff's objection to the magistrate judge's conclusion that Plaintiff failed to show good cause is overruled.

## II.      Plaintiff's Second Objection – Third Party Beneficiary

Plaintiff also objects to the magistrate judge's finding that Plaintiff has no direct rights as a third-party beneficiary under NBCU's agreement to indemnify and defend Reid in connection with the instant matter. *See*, Pls.'s Objs. at 4-6, 9-14, 16-17. Even if Plaintiff could show good cause under Rule 16, the magistrate judge correctly ruled that Plaintiff's motion should be denied pursuant to Federal Rule of Civil Procedure 15 since amendment would be futile.  *See*, R&R at 13-23.   The Second Circuit defines futility as an instance where "the proposed claim could not withstand a motion to dismiss." *Lucente v. IBM Corp*, 310 F.3d 243, 258 (2d Cir. 2002).

### A.      Proposed Second Claim: Vicarious Liability

The magistrate recommends that the Court find that "any claim based on Reid's defamatory conduct is barred by the one-year statute of limitations governing intentional torts," and, even if a three-year statute of limitations applies, Plaintiff's proposed claim of vicarious liability against NBCU would be time barred.  R&R at 14-17. The Court agrees with the magistrate judge's findings. Plaintiff contends that the magistrate judge erred because the doctrine of equitable estoppel precludes NBCU from invoking the statute of limitations bar.  Objs. at 10-14.

Plaintiff's attempt to relitigate the issue of equitable estoppel, that already was before the magistrate judge, is unavailing. *Compare*, Pl.'s Mot. at 2-3, 15 *with*, Pl.'s Objs. at 10-14.  The

magistrate judge correctly explained that a statute of limitation may be tolled "only in rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act." R&R at 20 (citing *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)). As the magistrate judge correctly reasoned, Plaintiff was required to demonstrate that: "(1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to [her] detriment." *Id*. at 20 (quoting *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995); *See also, Bild v. Konig*, 2012 WL 13109964, at \*7 (E.D.N.Y. Dec. 20, 2012). The Court concurs with the magistrate judge that Plaintiff has failed to show that NBCU engaged in fraudulent or deceptive conduct sufficient to warrant applying the doctrine of equitable estoppel and that she possessed sufficient information at the outset of this action to name NBCU as a defendant. Accordingly, Plaintiff's objection is overruled. *See*, R&R at 19-22.

### B.      Proposed Third Claim: Breach of Contract

Next, Plaintiff contends that the magistrate judge applied the wrong law when finding Plaintiff's third claim for breach of contract to be futile because Plaintiff is "a third-party beneficiary of NBC Universal's contractual undertaking [with] Reid and may specifically enforce her rights as a third-party beneficiary prior to the entry of a judgment in her favor against Reid." *See*, Objs. at 9. "A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [her] benefit and (3) that the benefit to [her] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [her] if the benefit is lost." *State of Cal. Pub. Empls. Ret. Sys. v. Shearman & Sterling*, 95 N.Y.2d 427, 434-35 (2000) (internal quotation marks and citation omitted).

Plaintiff asserts that an individual who is not a party to a contract may have an enforceable right under it, even when she is not named or otherwise intended beneficiary under an indemnification contract. Objs. at 9-10. A third-party beneficiary to a contract can assert such a right, but only when she establishes the contract was "intended for [her] benefit" and "the benefit to [her] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [her] if the benefit is lost." *California Pub. Employees' Ret. Sys. v. Shearman & Sterling*, 95 N.Y.2d 427, 434-35 (2000). The Court concurs with the magistrate judge's legal analysis and conclusion that a third party does not have standing to bring a breach of contract claim under an indemnity contract. *See*, R&R at 18-19. The magistrate judge also correctly concluded that the contract expressly states that any indemnification is for Reid's benefit; nowhere in the contract can it be gleaned that Plaintiff would benefit from it. *Id*. at 19. Accordingly, Plaintiff's objection is overruled.

## C.  Proposed Fourth Claim: Declaratory Judgment

Finally, Plaintiff contends that the magistrate judge erred in finding that her fourth proposed claim for declaratory judgment is futile. *See*, Pl.'s Objs. at 16-17. The Court concurs with Defendant that Plaintiff does not identify the magistrate judge's error(s), but only states that "the issues for the liability of NBC Universal and MSNBC are ripe for adjudication." *Id*. at 17. In construing this statement in Plaintiff's favor, the Court gleans from it statement that the magistrate judge did not analyze properly a claim under Declaratory Judgment Act, 28 U.S.C. § 2201. However, this a contention is unavailing.

Plaintiff relies on *Duane Reade, Inc. v St. Paul Fire & Mar. Ins. Co.*, in which the Second Circuit held that "to decide whether to entertain an action for declaratory judgment …. district courts [must] ask: (1) whether the judgment will serve a useful purpose in clarifying or settling the

legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty. 411 F.3d 384, 389 (2d Cir 2005). Here, the magistrate judge properly applied this two-prong test and correctly recommended that such a claim is futile because there is no viable underlying claim. R&R at 22.  Accordingly, Plaintiff's objection is overruled.

**CONCLUSION**

Upon due consideration and review, for the reasons set forth above, Plaintiff's objections are overruled and the R&R is adopted in its entirety.  Accordingly, Plaintiff's motion to amend is denied  and this matter is referred to the magistrate judge for further pretrial proceedings, including settlement discussions.

SO ORDERED

Dated: Brooklyn, New York
         September 30, 2023

/s/
_____
DORA L. IRIZARRY
United States District Judge