

104 East 16th Street
Brooklyn, New York 11226
Tel: (917) 214-8746
Fax: (212) 202-4840

David M. Olasov
Partner
dolasov@olasov.com

August 22, 2025

Honorable Dora L. Irizarry
Judge,
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: La Liberte v. Reid (1:18-cv-05398-DLI-JRC)

Dear Judge Irizarry:

    As you know, we represent plaintiff Roslyn La Liberte ("La Liberte") in the referenced defamation action against defendant Joy Reid ("Reid"). With full recognition of the enormous work pressures on the Court, we are respectfully writing to ask the Court's assistance in moving this case forward to a resolution. The seventh anniversary of the defamation of our client Roslyn La Liberte in the end of June and beginning of July, 2018 just past. This action followed less than three months later. On September 27, the parties' cross-motions for summary judgment will have been fully submitted for one year. Both parties have requested oral argument on these motions.

    I need hardly tell you that this passage of so many years has changed the professional and personal situations of all the parties… and of their attorneys as well. The negative impact of the defamation alleged in the complaint on Ms. La Liberte in a racially diverse community in which many of her business customers were owned or managed by racial or ethnic minorities forced her to shutter her business at the end of 2022. Uncomfortable in southern California, the place of her birth that she called home for her entire life, Ms. La Liberte sold her residence, from which she also ran her restaurant franchise renovation business, and moved out-of-state in 2022.

    Frankly, the time has also not been kind to defendant Joy Reid. Last fall, Comcast, the owner of MSNBC through NBCUniversal, announced that it was retaining NBCUniversal, but

spinning off MSNBC and others of its cable assets into a new, and separate, entity initially to be owned by Comcast's shareholders, with management separate from Comcast and NBCUniversal. NBCUniversal and MSNBC were both Ms. Reid's employers. Within a few months of this announcement MSNBC abruptly announced its cancellation of Ms. Reid's nightly news show, *The ReidOut*. NBCUniversal and MSNBC fired Ms. Reid immediately after that.

Despite the acrimony between Ms. Reid and MSNBC and NBCUniversal that these actions necessarily engendered, at least for the time being NBCUniversal is standing behind its full indemnification of Ms. Reid, under arrangements that are part of the record in this case. Gibson, Dunn, whose work is being directed and paid for by NBCUniversal, recently confirmed in an email that it continues to represent Ms. Reid. (Immediately thereafter, her original lawyer John Reichman, and a colleague of his, filed notices of withdrawal, that Magistrate Judge Cho treated *sua sponte* as motions for leave to withdraw, which he granted.) This is some comfort for plaintiff, because it makes more likely than not that a judgment will be collectible. Nevertheless, all the changes in Ms. Reid's employment status and the separation of MSNBC from NBCUniversal with distinct ownership and management leave uncertain whether NBCUniversal or MSNBC may not attempt to repudiate this obligation after the spinoff. While we consider Ms. La Liberte a third-party beneficiary of this indemnity, we would rather avoid having possibly to litigate this as an issue. Under all the circumstances Gibson Dunn is ill-positioned to seek leave to withdraw before the conclusion of this case in this Court, given NBCUniversal's apparent election to abide by the indemnification and Gibson Dunn's recently confirmed willingness to continue its representation of Ms. Reid in the face of evident conflicts between the indemnitor and indemnitee.

With Mr. Reichman's formal departure, I am now the only lawyer who has represented either party continuously from the commencement of this case. This is an obligation that I intend to respect by continuing my representation until this action's conclusion. It is reasonably plain that, absent some change of heart by NBCUniversal or MSNBC, this case will have to be resolved by trial of issues remaining after this Court's resolution of the summary judgment motions. The sooner this occurs, the better for all parties and stakeholders. Ms. Reid continues to have a reputational exposure but no financial risk in this action, having turned over control of the case to Gibson Dunn and its paying clients in exchange for full indemnification. She herself has nothing to say, it would appear, about how this case gets resolved.

Accordingly, we respectfully ask the Court to schedule oral argument as soon as the Court is prepared usefully to hear us out. Comcast has announced that it expects to complete the spinoff of MSNBC by year's end. We believe that the interests of all concerned would be served by the case being brought to trial before the spinoff is completed. Obviously, the length of a trial depends on what factual issues remain to be resolved by trial.

Respectfully yours,

/s/ David M. Olasov

David M. Olasov

Hon. Dora L. Irizarry
August 22, 2025
Page 3

cc: Theodore J. Boutrous, Jr., Esq.
Marissa Mulligan, Esq.
Gibson Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071

tboutrous@gibsondunn.com
mmulligan@gibsondunn.com

Connor S. Sullivan, Esq.
Gibson Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166

cssullivan@gibsondunn.com


Ronald P. Mysliwiec, Esq.
530 Third Street,
Brooklyn, NY 11215-3003

rpm@rpmlawny.com